■ INCORPORATED VILLAGE OF FREEPORT, Appellant, v JEF-

FERSON INDOOR MARINA, INC., et al., Respondents.—In an action for injunctive relief pursuant to Village Law § 7-714, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), entered June 14, 1990, as reserved decision on the plaintiff's motion for a preliminary injunction barring the defendants from using or occupying the premises known as 100 Jefferson Street, Freeport, New York, and set the matter down for an evidentiary hearing.

Ordered that on the court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, the application is referred to Justice Lawrence, and leave to appeal is granted by Justice Lawrence (CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, the motion for a preliminary injunction is granted to the extent that the defendants are barred from using or occupying any structure or building at 100 Jefferson Street, Freeport, New York, pending the trial of this action, it is declared that the plaintiff's liability for damages if it is finally determined that it is not entitled to an injunction shall not exceed $5,000 (see, CPLR 2512 [1]), and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The Village Code of the Incorporated Village of Freeport § 86-8 (A) (1) provides: "The occupancy or use or permitting the occupancy or use of any structure hereinafter erected, in whole or in part, for any purpose whatsoever is forbidden until a certificate of occupancy shall have been issued by the Superintendent of Buildings". It is undisputed that the defendants have occupied the subject building without a certificate of occupancy. Therefore, a preliminary injunction should issue enjoining the defendants from using or occupying the building pending the trial of this action. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.