■ BONDED CONCRETE, INC., Appellant, v TOWN OF SAUGERTIES et al., Respondents. [723 NYS2d 553] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered November 15, 1999 in Ulster County, which, *inter alia*, denied plaintiff's motion for summary judgment on the issue of liability.

This appeal centers on plaintiff's ongoing efforts to place a concrete manufacturing plant and equipment on its industrially zoned property located in the Town of Saugerties, Ulster

County. As relevant to this appeal, plaintiff's efforts to so use this property gave rise to three lawsuits, the first and second of which were consolidated and are the subject of the instant appeal. The third lawsuit has been finally resolved (*Matter of Bonded Concrete v Zoning Bd. of Appeals*, 268 AD2d 771, *lv denied* 94 NY2d 764).

To summarize with regard to the first lawsuit, plaintiff initially applied to defendant Town of Saugerties in June 1998 for site plan approval to construct a *permanent* concrete plant at this site, although that application was quickly withdrawn (June 17, 1998); while that application was pending, plaintiff undertook installation of *mobile*, portable concrete batch equipment at the site. After defendant Paul Andreassen, the Town Building Inspector, issued a stop work order dated June 4, 1998 (hereinafter the first SWO) based on the claim that the mobile plant violated the height restrictions in the Town Zoning Law, plaintiff commenced the first lawsuit—a combined CPLR article 78 proceeding and action for declaratory judgment against the Town and its Building Inspector—seeking, *inter alia*, (1) a declaration that the mobile plant was not subject to site plan approval or the height restrictions in the Town Zoning Law, and (2) a judgment that the Town lacked authority to issue the first SWO and striking that order. Subsequently, Supreme Court issued a preliminary injunction dated July 2, 1998 enjoining plaintiff from manufacturing concrete or assembling a concrete plant on the property pending the court's determination of the first action/proceeding.

As noted, plaintiff withdrew its application for site plan approval for the proposed permanent plant and redesigned and constructed its mobile concrete plant to comply with the height restrictions contained in the zoning ordinance, obtaining a certificate of occupancy (hereinafter the CO) from the Town Building Inspector on July 13, 1998. When defendants John Marino and Joseph Marino, the adjacent landowners, appealed the Town's issuance of the CO to the Town Zoning Board of Appeals (hereinafter ZBA), the Town issued a second SWO, dated July 17, 1998, directing plaintiff to cease all concrete production at the site pending a determination on the Marinos' ZBA appeal, relying on Town Law § 267-a (6) and Town Zoning Law § 7.5.2, each of which provide for a stay of proceedings pending an appeal to the ZBA.

Plaintiff then commenced its second lawsuit on July 21, 1998 solely seeking a declaration that neither Town Zoning Law § 7.5.2 nor Town Law § 267-a (6)—on which the Town, in its second SWO, had exclusively relied—effected a

statutory stay on plaintiff to cease concrete production pending the Marinos' appeal to the ZBA regarding the CO, and that neither law authorized the Town's issuance of the second SWO. Supreme Court granted the Marinos' applications to intervene in both lawsuits, and the Marinos, *inter alia*, asserted a counterclaim in the second action seeking monetary and injunctive relief, alleging that plaintiff's actions constituted a nuisance.

By decision and order dated September 3, 1998, Supreme Court, *inter alia*, (1) granted the Marinos' motion to consolidate the first and second lawsuits (hereinafter referred to as the consolidated action) and, to protect their counterclaim, (2) denied plaintiff's motion to discontinue the first lawsuit, which plaintiff had submitted was moot since it had constructed a mobile plant in compliance with the height restrictions contained in the Town Zoning Law. Importantly, Supreme Court further ruled that while the Marinos' third-party appeal to the ZBA did *not* automatically stay plaintiff's concrete producing activity—interpreting Town Law § 267-a (6) and Town Zoning Law § 7.5.2 consistent with *Town of Groton v Langer* (175 Misc 2d 47)—the court's July 2, 1998 preliminary injunction enjoining plaintiff's concrete production remained in effect until the merits of the first lawsuit were decided. In effect, the court concluded that while the Town lacked statutory authority to issue the second SWO—challenged in the second lawsuit—the issue was academic since the earlier preliminary injunction remained in effect and was unaffected by the Town's subsequent issuance of the CO. Supreme Court denied plaintiff's reargument motion by decision dated January 11, 1999, and no appeal was taken from the September 3, 1998 order.

Plaintiff's third lawsuit was a CPLR article 78 proceeding challenging the ZBA's determination—on the Marinos' appeal—revoking the CO issued to plaintiff. The ZBA interpreted the Town Zoning Law as requiring full site plan approval for the placement and operation of mobile concrete batch equipment at this site. Although Supreme Court, by decision dated April 13, 1999, agreed with the ZBA's interpretation, this Court ultimately disagreed and reversed, annulled the ZBA's determination, granted the petition and reinstated the CO (*Matter of Bonded Concrete v Zoning Bd. of Appeals*, 268 AD2d 771, *supra*). We note that our January 13, 2000 reversal decision in plaintiff's third lawsuit, concluding that site plan approval was *not* required, was issued after Supreme Court had issued the decision and order in the consolidated action herein appealed.

With the foregoing litigation framework established, we turn to plaintiff's unsuccessful motion which resulted in the order from which plaintiff now appeals. While plaintiff's third lawsuit was pending, plaintiff moved in the consolidated action (1) to vacate the July 2, 1998 preliminary injunction issued to the Town (in the first lawsuit), and (2) sought summary judgment on its declaratory claim (in the second lawsuit) that the Town lacked statutory authority to issue the second SWO directing plaintiff to cease all activity pending the ZBA's determination of the Marinos' appeal. Plaintiff also sought an immediate hearing on damages resulting from the second SWO and the preliminary injunction. Notably, after plaintiff filed the subject motion, Supreme Court issued its decision in the third lawsuit—later reversed—holding that site plan approval was required and upholding the recission of plaintiff's CO.

Then, after conducting a hearing on the subject motion, Supreme Court issued the November 15, 1999 order *sub judice* which, *inter alia*, denied plaintiff's motion for summary judgment and its motion to vacate the preliminary injunction. With regard to plaintiff's motion for summary judgment on its sole claim for a declaration that Town Law § 267-a (6) did not authorize the Town to issue the second SWO, Supreme Court declined to issue a declaration on the ground that the court had "already determined in its September 3, 1998 Decision and Order that the question did not present a justiciable controversy (*see*, CPLR 3001)" because the July 2, 1998 preliminary injunction remained in effect.

In our view, Supreme Court should have granted plaintiff summary judgment and issued a declaration in plaintiff's second lawsuit regarding Town Law § 267-a (6). First, we agree with plaintiff that Supreme Court's September 3, 1998 decision in the second lawsuit represents the law of the case on this issue, and the court's ruling therein was that the Marinos' appeal to the ZBA did not trigger the statutory stay provisions of Town Law § 267-a (6) (*see*, *Brown v State of New York*, 250 AD2d 314, 320; *see also*, *O'Hara v Bishop*, 256 AD2d 983, 984; *Gould v International Paper Co.*, 223 AD2d 964, 965, *lv denied* 88 NY2d 808). Thus, plaintiff's sole request in its complaint in the second lawsuit for declaratory relief should have been granted. That the court also had concluded in its September 3, 1998 decision that its preliminary injunction against plaintiff remained in effect (and was unaffected by the Town's issuance of the CO) until the court ruled on the merits of the first lawsuit did not alter the fact that the court had actually decided the statutory stay issue, and did not render the statu-

tory stay issue nonjusticiable (*see*, CPLR 3001; *see also*, *New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 529-531; *cf.*, *Cuomo v Long Is. Light. Co.*, 71 NY2d 349, 354-355; *Fragoso v Romano*, 268 AD2d 457). As the merits of the first lawsuit were still pending and the preliminary injunction issued therein could be vacated anytime, plaintiff was entitled to a declaration of its rights in the second lawsuit with regard to the effect of the Marinos' appeal and the second SWO.

In any event, as noted, after issuance of the order appealed from denying plaintiff summary judgment in the second lawsuit, this Court reinstated that CO, reversing the ZBA on the Marinos' appeal, ruling that site plan approval was not required, thereby eliminating any issue in the second lawsuit of whether a statutory stay was in effect pending the Marinos' ZBA appeal or whether the Town had properly premised the second SWO on the Marinos' appeal (*see*, *Matter of Bonded Concrete v Zoning Bd. of Appeals*, 268 AD2d 771, *supra*). Since the Marinos' appeal is now final, the issue in plaintiff's second lawsuit is now moot and there is no longer a need to issue a declaration to plaintiff in that action.

Plaintiff also argues on appeal that Supreme Court erred in denying its motion to vacate its July 2, 1998 preliminary injunction against plaintiff in the first lawsuit and to hold a hearing on damages. Plaintiff essentially argued that all of the issues and claims raised in the first lawsuit had become moot and that its sole declaratory claim in its second lawsuit was governed by the law of the case in its favor and, thus, there was no legal basis for continuation of the preliminary injunction. The court continued the order pending its final disposition in the combined action, and we perceive no basis for disagreeing. Plaintiff is correct that most of the issues raised for declaratory relief in its complaint/petition in the first lawsuit have been resolved, namely, plaintiff's mobile concrete plant as reconfigured no longer exceeds the height restrictions contained in the Town Zoning Law and this Court has determined that site plan approval is not required prior to the Town's issuance of the CO (*see*, *id.*). Further, we have rejected the claims raised by the Town in its counterclaim.

However, there remain outstanding claims for which the continuance of the preliminary injunction is proper. For example, the Marinos' counterclaim in the second lawsuit raises claims that the CO is otherwise improper or unauthorized (i.e., for reasons *other than* a lack of site plan approval) and that plaintiff's activities at the site constitute a nuisance and violated the CO. Indeed, one aspect of plaintiff's request

for declaratory relief in the first lawsuit is that its "placement and operation of portable concrete batch equipment on its property is in all respects in compliance with all zoning requirements of the Town of Saugerties Zoning Law." The Town's answer in the first lawsuit denies that claim, and the Marinos' counterclaim directly challenges it. Accordingly, Supreme Court correctly denied plaintiff's motion to vacate the July 2, 1998 preliminary injunction pending its long-awaited determination of the merits of the combined action/special proceeding, which decision should be forthcoming after issuance of this decision. Furthermore, Supreme Court correctly denied plaintiff an immediate hearing on damages sustained as a result of the preliminary injunction and the second SWO.

Crew III, J. P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.