■ In the Matter of KATE FOWLER, Appellant-Respondent, v NEW YORK STATE BOARD OF LAW EXAMINERS, Respondent-Appellant. [748 NYS2d 423] —Mercure, J. (1) Cross appeals from a judgment of the Supreme Court (Sheridan, J.), entered July 19, 2001 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding, inter alia, petitioner ineligible to sit for the New York bar examination, and (2) appeal from an order of said court, entered November 21, 2001 in Albany County, which, inter alia, denied respondent's motion for reconsideration.

Petitioner, a citizen of the United Kingdom and a graduate of Anglia Polytechnic University in Cambridge, England, sought permission to sit for the New York bar examination. Based on the information submitted, respondent informed petitioner of her eligibility. Petitioner took the February 2000 bar examination, but failed to receive a passing grade. She then sat for the July 2000 examination. Shortly thereafter, re-

spondent received anonymous information indicating that petitioner's degree did not qualify her for admission to the practice of law in England, a prerequisite for her eligibility to take the bar examination in New York. Further investigation indicated that petitioner was not eligible to sit for the bar examination. Respondent advised petitioner of that fact and also that her examination results would not be released to her. Petitioner's subsequent application to the Court of Appeals for a waiver of strict compliance with the eligibility rules was denied.

Petitioner then commenced this CPLR article 78 proceeding seeking to set aside respondent's determination finding her ineligible to take the bar examination and withholding the results of the July 2000 examination and for a determination that she was qualified to take the bar examination and that the results of the July 2000 examination be released to her. Supreme Court rejected petitioner's contention that respondent should be estopped from revoking its prior determination of eligibility and therefore dismissed so much of the petition as sought a declaration of petitioner's eligibility to sit for the New York bar examination. It nonetheless granted so much of the petition as sought a declaration that the results of the July 2000 bar examination shall be released to petitioner. The parties cross-appeal from the judgment entered thereon. In addition, respondent appeals from Supreme Court's subsequent order denying its application for renewal or reargument with respect to so much of Supreme Court's judgment as directed respondent to provide petitioner with the results of the July 2000 bar examination.

Initially, we conclude that Supreme Court did not err in rejecting petitioner's estoppel claim. Fundamentally, "estoppel cannot be invoked against a governmental agency to prevent it from discharging its statutory duties" (*Matter of New York State Med. Transporters Assn. v Perales*, 77 NY2d 126, 130), except in "the rarest [of] cases" (*Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282, *appeal dismissed and cert denied* 488 US 801). In this case, application of the doctrine of estoppel would be particularly inappropriate because the determination relates to a privilege or benefit for which respondent is authorized to determine eligibility. Courts therefore lack authority to find applicants eligible to sit for the bar examination when their legal education fails to satisfy the requirements of 22 NYCRR 520.6 (b) (1), as it clearly did here (*see Matter of Burns v Regan*, 87 AD2d 944, 945, *appeal dismissed* 57 NY2d 954; *Matter of Nutt v New York State Employees' Retirement Sys.*, 72 AD2d 898, 900).

We conclude that Supreme Court did err, however, in denying respondent's motion for reconsideration. In our view, respondent's failure to initially address the purely legal issue concerning disclosure of the test results of those who are determined to have been ineligible to take the bar examination did not result from any lack of diligence on respondent's part. To the contrary, we believe that respondent was not unreasonable in its belief that success on the initial branch of the petition and a determination of petitioner's eligibility to sit for the bar examination was a practical prerequisite to the further relief she sought. In addition, we disagree with Supreme Court's conclusion that petitioner was entitled to her examination results despite the determination that she was not entitled to sit for the examination. We agree with respondent that petitioner's examination was rendered a nullity by the subsequent determination that she was ineligible to sit for it. She therefore cannot be considered either a person who failed the exam or one who passed the exam. Thus, the provision of 22 NYCRR 6000.7, which authorizes the release of examination results to candidates who fail the bar examination, does not assist petitioner. That being the case and given that, as part of the judiciary, respondent is not subject to the Freedom of Information Law (Public Officers Law § 84 *et seq.*; *see Matter of Pasik v State Bd. of Law Examiners*, 102 AD2d 395, 398-399; *see also Matter of Duban v State Bd. of Law Examiners*, 157 AD2d 946, *appeal dismissed* 75 NY2d 945), we are constrained to the conclusion that Supreme Court lacked authority to compel disclosure of petitioner's examination results. Supreme Court therefore should have granted respondent's motion for reconsideration and, following reconsideration, denied so much of the petition as sought disclosure of the results of petitioner's July 2000 bar examination.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment and order are modified, on the law, without costs, by reversing so much thereof as partially granted the petition and directed disclosure of the results of petitioner's July 2000 bar examination; petition dismissed to that extent; and, as so modified, affirmed.