**BONDED CONCRETE, INC.,**
**Plaintiff–Appellant,**

v.

**TOWN OF SAUGERTIES and Zoning Board of Appeals of the Town of Saugerties, Defendants–Appellees.**

**Docket No. 01–9415.**

United States Court of Appeals,
Second Circuit.

Nov. 12, 2002.

Andrew W. Gilchrist, Tuczinski, Cavalier, Burstein & Collura, P.C., Albany, NY, for Appellant.

Gerald D. D'Amelia, Jr., Phelan, Burke & Scolamiero, LLP, Albany, NY, for Appellees.

**492**

Present CALABRESI, POOLER, SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED and REMANDED** in part.

Plaintiff Bonded Concrete, Inc. ("Bonded") appeals from a judgment of the United States District Court for the Northern District of New York dismissing Bonded's complaint against defendants Town of Saugerties ("Town") and Zoning Board of Appeals of the Town of Saugerties ("Board") (collectively, "Saugerties").

Bonded attempted to build a permanent concrete plant on its land in the Town. On June 4, 1998, the Town's building inspector issued a stop work order. Bonded then sued in New York Supreme Court, Ulster County, seeking a declaration that the stop work order was improper. The state court issued a preliminary injunction at the request of the Town and Bonded's neighbors, John and Joseph Marino. This injunction prohibited Bonded from "producing or transporting ready-mixed concrete, or any other manufacturing, fabricating, building or otherwise assembling a concrete batch plant" on its property.

Bonded thereafter applied for and received a certificate of occupancy from the Town permitting Bonded to operate a mobile concrete facility. When the Marinos complained, the Town issued a second stop work order.

On July 17, 1998, Bonded began a second lawsuit against the Town, and the Marinos moved to intervene. Bonded sought a declaration that the second stop work order did not trigger a statutory stay and that town law did not justify issuance of the stop work order. Supreme Court, Ulster County, consolidated the first and second lawsuits (the "consolidated lawsuit"), allowed the Marinos to intervene, and denied Bonded's motion to discontinue as moot the first lawsuit. Although Supreme Court agreed that the Marinos' appeal to the Board did not create an automatic stay, it found this point academic because its injunction in the first lawsuit remained in effect.

On October 2, 1998, the Board revoked Bonded's certificate of occupancy. Bonded brought a third lawsuit, an Article 78 proceeding in New York Supreme Court. Although Supreme Court held against Bonded, the New York State Appellate Division, Third Department, agreed with Bonded that the Board misinterpreted applicable law when it revoked Bonded's certificate of occupancy. *Bonded Concrete Inc. v. Zoning Bd. of Appeals,* 268 A.D.2d 771, 702 N.Y.S.2d 184 (3d Dep't 2000). The court ordered the certificate reinstated because the Board's interpretation of Town zoning law was "not rational or reasonable." *Id.* at 776, 702 N.Y.S.2d 184. This decision did not affect the injunction issued in Bonded's prior lawsuit.

Bonded then moved in the consolidated lawsuit to vacate the preliminary injunction and sought a declaration that the Town lacked authority to issue the second stop work order. Supreme Court again ruled against Bonded. The Appellate Division reversed Supreme Court's refusal to issue a declaratory judgment but affirmed its refusal to dissolve the injunction and its refusal to hold an immediate hearing on damages sustained as a result of the injunction. *Bonded Concrete, Inc. v. Town of Saugerties,* 282 A.D.2d 900, 723 N.Y.S.2d 553 (3d Dep't 2001). The appellate court reasoned that it was appropriate for the injunction to remain in effect and hence inappropriate to hold an immediate hearing on damages because the Marinos' nuisance claims remained alive. *Id.* at 904–

05, 723 N.Y.S.2d 553. A judge of the New York Court of Appeals dismissed Bonded's application for leave to appeal. 97 N.Y.2d 653, 737 N.Y.S.2d 53, 762 N.E.2d 931 (2001)

In the meantime, on December 29, 1999, Bonded had filed this lawsuit. The concrete company claimed that "revocation of [the] Certificate of Occupancy ... deprive[d] Plaintiff of its property and liberty interests protected by the United States Constitution without substantive due process" and constituted a taking of "Plaintiff's fully-vested property without just compensation." In July 2001, Saugerties moved for summary judgment, arguing that because the preliminary injunction was in effect at the time the certificate was revoked, the revocation could not have been the proximate cause of Bonded's injuries. The district court granted the motion, finding that because the preliminary injunction remained in place throughout the disputed period, the revocation of the certificate was not a substantial factor in producing Bonded's injuries.

We agree with the district court that revocation of Bonded's certificate of occupancy was not the cause in fact of any money damages that it suffered. The preliminary injunction, which was in effect both at the time the certificate was granted and at the time it was revoked, would have prevented Bonded from carrying out cement production on its land or assembling a concrete batch plant even if the certificate were in effect. Therefore, we affirm the judgment of the district court insofar as it dismissed Bonded's request for compensatory damages on its substantive due process claim. *See, e.g., Taylor v. Brentwood Union Free Sch. Dist.,* 143 F.3d 679, 686 (2d Cir.1998).

Bonded argues correctly, however, that proof of a substantive due process violation would entitle it to nominal damages. *Tolbert v. Queens College,* 242 F.3d 58, 74 (2d Cir.2001). In order to prove such a violation, Bonded must establish that it had a federally protectable property interest in the certificate and that defendants' actions were "so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir.1999). With respect to a permit, the first *Natale* prong is not satisfied if the issuing authority has discretion to withhold the permit or if the meaning of the authorizing law is uncertain. *Id.* The second prong is not satisfied by merely arbitrary and capricious conduct that is "correctable in a state court lawsuit." *Id.* The evidence that Bonded has offered to date does not establish "outrageously arbitrary" conduct. Bonded proffered evidence only that the revocation of the certificate was erroneous and that the Appellate Division found the Board's action irrational. Based on the current record, Bonded has not made out a substantive due process claim. However, because defendants did not alert plaintiff to the inadequacy of its proof below and because plaintiff now claims to have proof of more serious allegations of a conspiracy between Saugerties and the Marinos to deprive Bonded of its certificate, we vacate the dismissal of Bonded's claim for nominal damages for a substantive due process violation and remand for further proceedings.

We also vacate the district court's merits-based dismissal of Bonded's Takings Clause claim and direct the district court to enter a judgment of dismissal of this claim on jurisdictional grounds. Bonded's Takings Clause claim is not ripe for adjudication in the federal courts because its attempt to receive compensation for the alleged taking continues in the state courts. *See Williamson County Reg'l Planning Comm'n v. Hamilton Bank,* 473 U.S. 172, 194, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) (holding that takings claims in federal court are not ripe absent exhaus-

tion when states provide adequate procedures for obtaining just compensation). Under these circumstances, the district court's dismissal with prejudice of the Takings Clause claim was error, and the court should enter a dismissal without prejudice. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38–39 (2d Cir.2002)