■ BONDED CONCRETE, INC., Appellant, v TOWN OF SAUGERTIES et al., Respondents. [770 NYS2d 786]—

Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered March 20, 2003 in Ulster County which, inter alia, denied plaintiff's cross motion for summary judgment.

This appeal brings back to this Court for a third time the unduly protracted litigation related to plaintiff's efforts since 1998 to place and operate portable concrete manufacturing equipment on its industrially zoned parcel of land in the Town of Saugerties, Ulster County. In 1998 to 1999, plaintiff commenced three state court lawsuits, the first two against defendant Town of Saugerties and its Building Inspector seeking declaratory relief and/or CPLR article 78 review. Plaintiff's neighboring landowners, defendants John Marino and Joseph Marino, intervened in the first two lawsuits, which were consolidated (hereinafter the consolidated actions) and are the subject of the instant appeal by plaintiff alone from its unsuccessful cross motion for, among other relief, summary judgment.

The third lawsuit by plaintiff against the Town Zoning Board of Appeals, and in which the Marinos participated, has been finally resolved. It involved plaintiff's successful CPLR article 78 challenge to the interpretation by the Town's Zoning Board of Appeals of Town of Saugerties Zoning Law § 8.3.1 (b) as requiring site plan approval for this project (*Matter of Bonded*

*Concrete v Zoning Bd. of Appeals of Town of Saugerties,* 268 AD2d 771 [2000], *lv denied* 94 NY2d 764 [2000]). That decision resolving the third lawsuit is implicated in the present appeal to the extent that various collateral estoppel and related doctrines are invoked.

With regard to the consolidated actions commenced in 1998, no trial has been held and no final decision has been issued; the preliminary injunction signed by Supreme Court on July 2, 1998 remains in effect, precluding plaintiff from manufacturing concrete or further assembling equipment on the property pending the court's resolution of the first action/proceeding. In plaintiff's prior appeal in the consolidated actions, this Court ruled that our decision in the third lawsuit had rendered moot the declaratory relief sought in plaintiff's second lawsuit—that there was no statutory stay pending the Marinos' appeal to the Zoning Board of Appeals and challenging the propriety of the second stop work order. However, we declined to vacate the preliminary injunction for two reasons: (1) the Marinos' counterclaims were still pending and (2) plaintiff's request for declaratory relief in the first lawsuit was still undecided, and was opposed by the Town and the Marinos, namely, whether plaintiff's "placement and operation of portable concrete batch equipment on its property is in all respects in compliance with all zoning requirements of the Town of Saugerties Zoning Law" (282 AD2d 900, 905 [2001], *lv dismissed* 97 NY2d 653 [2001]).

Thereafter, the Marinos moved for summary judgment on their counterclaims in the consolidated actions. Plaintiff cross-moved for summary judgment on the remaining relief requested in its complaint/petition in the first lawsuit and sought vacatur of the preliminary judgment, a hearing on damages and severance of the Marinos' counterclaims. Following a hearing, Supreme Court denied all motions, prompting plaintiff's appeal herein.

Initially, plaintiff's failure to provide a copy of its pleading in the first action/proceeding—i.e., its verified complaint/petition dated June 5, 1998—with its cross motion for summary judgment required denial of the cross motion (*see* CPLR 3212 [b]; *see also Welton v Drobnicki,* 298 AD2d 757 [2002]; *Deer Park Assoc. v Robbins Store,* 243 AD2d 443 [1997]). By moving for judgment as a matter of law without submitting the complaint/petition on which it was moving, plaintiff "failed to satisfy [its] initial burden on the motion, thereby obviating any issue as to the sufficiency of the papers submitted in opposition thereto" (*Welton v Drobnicki, supra* at 757, citing *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]).

In any event, plaintiff was not entitled to the relief requested on its cross motion. Concededly, plaintiff is correct that this Court's decision in the third lawsuit challenging the Zoning Board of Appeals' interpretation did more than merely interpret Town of Saugerties Zoning Law § 8.3.1 (b) of the zoning ordinance to require site plan approval for new nonresidential structures which exceed 2,000 square feet; we also applied that interpretation to this project, holding that site plan approval was not required here since the respondents in that proceeding did not dispute that it was under that size-trigger, and annulled the Zoning Board of Appeals' determination and reinstated the certificate of occupancy issued by the Town (268 AD2d 771 [2000], *supra*). However, while the Marinos and the Zoning Board of Appeals were involved in that special proceeding, the Town was not a party (*see Ryan v New York Tel. Co.,* 62 NY2d 494, 500-501 [1984]; *Gramatan Home Inv. Corp. v Lopez,* 46 NY2d 481, 485-486 [1979]) and, except in rare circumstances not present here, the doctrine of collateral estoppel cannot be invoked against a governmental agency to preclude it from performing its statutorily authorized duties, enforcing its zoning laws or to ratify administrative error (*see Matter of New York State Med. Transporters Assn. v Perales,* 77 NY2d 126, 130 [1990]; *Matter of Parkview Assoc. v City of New York,* 71 NY2d 274, 282 [1988], *cert denied* 488 US 801 [1988]; *Matter of E.F.S. Ventures Corp. v Foster,* 71 NY2d 359, 369-370 [1988]; *Matter of Fowler v New York State Bd. of Law Examiners,* 298 AD2d 682, 683 [2002]; *Waste Recovery Enters. v Town of Unadilla,* 294 AD2d 766, 768 [2002], *lv denied* 100 NY2d 614 [2003]). Thus, the Town is not constrained by our decision in the third lawsuit, and is not precluded from opposing plaintiff's entitlement to the remaining relief in its complaint/petition in the first lawsuit, from arguing that site plan approval is required for this project under the Town's Zoning Law or from asserting that the certificate of occupancy should be rescinded. Likewise, Supreme Court's continuance of the preliminary injunction was proper given the Marinos' outstanding counterclaims and the still-unresolved issues of plaintiff's compliance with applicable zoning laws and need for site plan approval for this project (*see* 282 AD2d 900, 904, 905 [2001], *supra*). These issues and outstanding claims shall be tried and resolved forthwith, there being no justification for further delay of any kind.

Plaintiff's remaining contentions have been examined and determined to lack any merit.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.