■ BONDED CONCRETE, INC., Respondent, v TOWN OF SAUGERTIES et al., Appellants. [805 NYS2d 684]—

Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered April 6, 2005 in Ulster County, which, inter alia, granted plaintiff's cross motion for summary judgment.

This appeal represents the culmination of three related, ongoing lawsuits surrounding plaintiff's efforts since 1998 to operate portable concrete manufacturing equipment on its industrially zoned property in the Town of Saugerties, Ulster County (*Bonded Concrete v Town of Saugerties*, 3 AD3d 729 [2004], *lv dismissed* 2 NY3d 793 [2004]; *Bonded Concrete v Town of Saugerties*, 282 AD2d 900 [2001], *lv dismissed* 97 NY2d 653 [2001]; *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771 [2000], *lv denied* 94 NY2d 764 [2000]). While plaintiff obtained a certificate of occupancy in 1998 for this permitted use (Town of Saugerties Zoning Law § 4.1; *see also Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties, supra* at 771-772, 772 n) from defendant Paul Andreassen, the Building Inspector of defendant Town of Saugerties (hereinafter Town), a preliminary injunction signed by Supreme Court on July 2, 1998 has remained in

effect since, precluding plaintiff's operation at this site pending this resolution of the remaining claims and counterclaims in the first and second lawsuits, which were consolidated (*see Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 730 [2004], *supra*; *Bonded Concrete v Town of Saugerties*, 282 AD2d 900, 904-905 [2001], *supra*).

As relevant to this appeal, what remained, and was decided in plaintiff's favor by Supreme Court on plaintiff's cross motion for summary judgment, was plaintiff's request for a declaration that its application to place and operate this equipment on its property complied with the Town Zoning Law and did not require site plan approval. The court denied the Town's summary judgment motion, which had been premised upon its contention that site plan approval was required prior to the issuance of the certificate of occupancy. Likewise, the court denied the cross motion for summary judgment of defendants John Marino and Joseph M. Marino, adjacent landowners who had raised similar counterclaims.

On the appeals of the Town and the Marinos, we reject their arguments—as limited by their briefs—that Supreme Court's ruling on the summary judgment cross motions was in error, and affirm those rulings for reasons stated in Supreme Court's well-reasoned decision. As the court noted, the dispositive issue is whether Town Zoning Law § 8.3.1 required site plan approval by the Town Planning Board for this project. Section 8.3.1 specifies uses requiring site plan approval and includes "b. Any new nonresidential structure or addition thereto *in excess of 2,000 square feet*" (emphasis added). Previously, in the third lawsuit we held that the size qualifier applied to "[a]ny new nonresidential structure" and not just to "addition[s] thereto" (*Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 773-774 [2000], *supra*). We now address the issue—not raised there—of whether plaintiff's proposed use constitutes new structures "in excess of 2,000 square feet"; this turns on the interpretation of the definition of "structure" contained in Town Zoning Law § 10.2 to the component parts of plaintiff's portable concrete plant.

First, plaintiff is correct that the Marinos should be precluded from relitigating the issue of whether site plan approval is required under Town Zoning Law § 8.3.1 based on their assertion that plaintiff's structures exceed 2,000 square feet. In the third lawsuit, the Marinos only argued that under section 8.3.1 (b), site plan approval is required for *all* nonresidential structures regardless of size. They did not dispute that plaintiff's proposal was under the 2,000-square-feet size trigger

(*Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771, 773 [2000], *supra*), although there is no question that they could have raised that alternative argument there and they are now precluded from doing so (*see O'Brien v City of Syracuse*, 54 NY2d 353 [1981]; *Matter of Schulz v New York State Legislature*, 278 AD2d 710, 712-713 [2000], *lv denied* 3 NY3d 606 [2004]). However, as we previously ruled, the Town was not a party to that lawsuit and is not similarly precluded (*Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 731 [2004], *supra*).

Turning to the merits, the central dispute is whether plaintiff's proposed plant contains new structures which in their aggregate exceed the 2,000-square-feet size trigger for site plan approval. Plaintiff's original 1998 application listed components totaling 1,270 square feet and plaintiff acknowledged thereafter adding a concrete pad in the front of an earthen ramp and a cement tanker, for a total 1,750 square feet. The Town contends on appeal that Supreme Court erred in rejecting its claim that two other components of the plant are structures which, when included in the calculations, trigger the site plan requirement: (1) the earthen ramp (used to provide vehicular access to the mobile batch equipment) and concrete cubes placed around it (1,692 square feet), and (2) the stockpile of sand and gravel surrounded by three-sided concrete cubes (1,750 square feet).

A "structure" is defined in Town Zoning Law § 10.2 as "[a] *static* construction of building materials, *including* buildings, mobile homes, stadia, platforms, towers, sheds, storage bins, antennas and other receivers, swimming pools *and the like*" (emphases added). We agree with Supreme Court's analysis that the list of what constitutes a structure is not all-inclusive and would include items similar to those listed, but that confusion is created by the use of the word "static" in the forefront of the definition to describe the construction of building materials which are structures, followed by a list of items some of which may be movable and others which are generally fixed and relatively permanent. Since "static" is not defined, the court properly referred to its dictionary definition—"stationary or characterized by a lack of movement, [animation] or progression"—to determine its meaning (*see Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d 556, 558 [2004]; *Pardi v Barone*, 257 AD2d 42, 44 [1999]). Moreover, "[w]here, as here, a particular provision in a zoning ordinance is ambiguous and its context convincingly demonstrates that the ambiguity is properly resolved in the landowner's favor, the court will strictly construe it against the municipality, particularly where a con-

trary interpretation would subject the landowner's property to a lengthy and involved process contemplated by site plan approval" (*Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties,* 268 AD2d 771, 775 [2000], *supra; see Matter of Allen v Adami,* 39 NY2d 275, 277 [1976]; *Matter of Nicklin-McKay v Town of Marlborough Planning Bd.,* 14 AD3d 858, 863 [2005]; *Matter of Capital City Rescue Mission v City of Albany Bd. of Zoning Appeals,* 235 AD2d 815, 816 [1997]).

Supreme Court rationally determined that the earthen ramp and cubes and the stockpile and cubes are not structures within the meaning of Town Zoning Law § 8.3.1 (b) and § 10.2, based upon the photographs in the record, the expert affidavits and the described characteristics of these components. The ramp consists of soil and other earthen substances pushed into a pile which is neither "static"—i.e., it is readily movable—nor made up of "building materials." Plaintiff included as structures the concrete wall that forms the front of the ramp, which is constructed of concrete slabs connected by wooden planks bolted into the concrete, as well as the concrete pad in front of the ramp, both of which are—in distinction to the earthen ramp— fixed and immovable, and comprised of "building materials." The stockpile of sand and gravel is a dynamic aggregate of materials (used to make concrete) which is constantly added to and depleted and is not "static" nor a "construction of building materials." Also, the concrete cubes placed on the sides of the ramp and on three sides of the stockpile at the Town's request (for safety and erosion control and to separate materials in the stockpile), are not structures, as they were simply placed on the ground, do not have footings, are not connected to anything, have no floor, are not capable of being closed, and are readily movable (using the hook eyes on their top). Despite the Town's efforts to liken the earthen ramp to a "platform" and the cubes surrounding the stockpile to "storage bins," which are expressly included as structures in section 10.2, Supreme Court rationally concluded that they were materially distinguishable and that the described ramp and stockpile were not a "static construction of building materials" sufficiently similar to those listed in the definition of structures.

Thus, plaintiff is entitled to a declaration that its proposed use does not exceed 2,000 square feet so as to require site plan approval by the Planning Board under Town Zoning Law § 8.3.1 (b). The Town's and Marinos' remaining claims have been considered, including the allegation that Supreme Court failed to consider the affidavit of the planning expert who authored the Town Zoning Law, and determined to lack merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by declaring that plaintiff was not required by Town of Saugerties Zoning Law § 8.3.1 (b) to obtain site plan approval for the issuance of a certificate of occupancy; and, as so modified, affirmed.