■ BONDED CONCRETE, INC., Appellant-Respondent, v TOWN OF SAUGERTIES et al., Respondents-Appellants, et al., Defendants. [841 NYS2d 152]—

Spain, J. Cross appeals from an order of the Supreme Court (Work, J.), entered June 16, 2006 in Ulster County, which, inter alia, denied certain defendants' motion to preclude plaintiff from seeking damages sustained as a result of a preliminary injunction.

This appeal concerns plaintiff's efforts since 1998 to operate concrete manufacturing equipment on its property in the Town of Saugerties, Ulster County. Three lawsuits and numerous appeals have resulted in an extensive litigation history (*see Bonded Concrete, Inc. v Town of Saugerties*, 24 AD3d 943 [2005]; *Bonded Concrete v Town of Saugerties*, 3 AD3d 729 [2004], *lv dismissed* 2 NY3d 793 [2004]; *Bonded Concrete v Town of Saugerties*, 282 AD2d 900 [2001], *lv dismissed* 97 NY2d 653 [2001]; *Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties*, 268 AD2d 771 [2000], *lv denied* 94 NY2d 764 [2000]). As relevant here, at the Town's request, Supreme Court (Connor, J.) issued a preliminary injunction on July 2, 1998 precluding plaintiff's operations on the site pending resolution of plaintiff's first action, later consolidated with the second action, against the Town and its building inspector, in which the adjacent property owners—John Marino and Joseph Marino—intervened. That preliminary injunction was continued by order of September 3, 1998, in which the actions were consolidated and remained in effect throughout the litigation. To protect the respective interests of the parties during the pendency of the consolidated action, that court order required plaintiff and the Marinos to post bonds (undertakings) in the amount of $250,000 and the Town was determined to be exempt from posting a bond (*see* CPLR 2512 [1]).

Ultimately, plaintiff was awarded summary judgment and a declaration that its proposed use did not require site plan approval and was a lawful use, and that plaintiff was properly granted a certificate of occupancy. The remaining counterclaims of the Town and the Marinos were all adjudged to be without merit (*Bonded Concrete, Inc. v Town of Saugerties*, 24 AD3d 943, 946 [2005], *supra*). Plaintiff's third matter against the Town Zoning Board of Appeals regarding the interpretation of

the zoning ordinance was also previously finally resolved in plaintiff's favor (*Matter of Bonded Concrete v Zoning Bd. of Appeals of Town of Saugerties, supra*).

In anticipation of the trial related to damages sustained by plaintiff by reason of the injunction pending since July 1998, the Town and its building inspector (hereinafter collectively referred to as the Town) moved for an order precluding plaintiff from seeking any damages as a result of that injunctive relief. In a well-reasoned decision, Supreme Court (Work, J.) determined that plaintiff could pursue damages against the Marinos and the Town up to the amount of their individual liability caps of $250,000 each. On cross appeals by the Town and plaintiff, we affirm.

The Town argues on appeal that Supreme Court erred in ruling that the issue of defendants' entitlement to an injunction has been "finally determined" within the meaning of CPLR 6312 (b) so as to trigger plaintiff's right to pursue recovery for damages attributable to that injunction. The Town further contends that it was not required to post an undertaking and no liability cap was ever set by the court and, thus, plaintiff may not pursue any damages against the Town; alternately, the Town submits that the court capped its liability at $250,000 (the same amount as the others). Plaintiff argues on its cross appeal that the court imposed unlimited liability on the Town as a condition of issuing and continuing the injunction against plaintiff's operations.

An undertaking is "[a]ny obligation . . . which contains a covenant by a surety to pay the required amount, as specified therein, if any required [specified] condition . . . is not fulfilled" (CPLR 2501 [1]). Under modern law, prior to granting a preliminary injunction, the party[1] seeking such equitable relief is statutorily required to "give an undertaking in an amount to be fixed by the court, that [the party], *if it is finally determined that [the party] was not entitled to an injunction*, will pay to [the party enjoined] all damages and costs which may be sustained by reason of the injunction" (CPLR 6312 [b] [emphasis added]). This statutory provision was adopted to ameliorate the common-law rule that there is "no liability . . . for damages resulting from an injunction erroneously granted unless the case was one of malicious prosecution" (*City of Yonkers v Federal Sugar Ref. Co.*, 221 NY 206, 208 [1917]; *see Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434 [1984]). The amount of the undertaking is discretionary (*see Livas v Mitzner*, 303 AD2d 381

---

1. The exception for state and municipal entities applicable to the Town (*see* CPLR 2512) is discussed *infra*.

[2003]; 13 Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.03 [3], at 63-163), although it has been held that it should be rationally related to the potential damages recoverable if it is ultimately determined that the injunction was unwarranted (see *Lelekakis v Kamamis*, 303 AD2d 380 [2003]). A party seeking modification in the amount of the undertaking may move in the trial court for an increase (or decrease) and the movant may abandon the equitable relief and avoid the mandatory undertaking; the amount is also reviewable on appeal for insufficiency or excessiveness (see *City of Yonkers v Federal Sugar Ref. Co., supra* at 209-211).

Importantly, if it is ultimately determined that a party was not entitled to an injunction, recovery of resulting damages attributable to the injunction will be limited to the amount of the undertaking as fixed by the court (see *id.* at 211; *Honeywell, Inc. v Technical Bldg. Servs., supra* at 435; *Gross v Shields*, 130 Misc 2d 641, 644-645 [1985]; see also CPLR 6312 [b]), i.e., the undertaking is "the source and measure of liability" (*City of Yonkers v Federal Sugar Ref. Co., supra* at 209; see *Reingold v Bowins*, 34 AD3d 667, 668 [2006]).

The initial issue disputed by the Town, and decided in plaintiff's favor by Supreme Court, is whether there has been such a final determination that the Town (and the Marinos) were not entitled to the injunctive relief so as to permit plaintiff to pursue recovery against them. Supreme Court correctly concluded that the prior affirmed award of summary judgment to plaintiff, and declaration that plaintiff's placement and operation of mobile concrete manufacturing equipment on its property complied with zoning laws and did not require site plan approval, and concomitant disposition of all remaining claims and counterclaims by the Town and the Marinos (see *Bonded Concrete, Inc. v Town of Saugerties*, 24 AD3d 943 [2005], *supra*), constituted such a final determination. Notably, the issue here is *not* whether the initial issuance of the preliminary injunction was in error; indeed, this Court twice determined that it was properly issued and continued (*Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 731 [2004], *supra*; *Bonded Concrete v Town of Saugerties*, 282 AD2d 900, 904-905 [2001], *supra*; see *J.A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 405-406 [1986]).[2]

By distinction, the final determination contemplated by CPLR

---

**2.** Of course, entitlement to a preliminary injunction in the first instance requires a showing of the likelihood of success on the merits, irreparable harm and favorable equities (see *Ernie Otto Corp. v Inland Southeast Thompson Monticello, LLC*, 28 AD3d 911, 912 [2006]), all matters which depend on

6312 (b), which triggers plaintiff's right to pursue recovery, requires an *ultimate* determination on the merits of whether the injunction was erroneously granted and should, at that later date, be vacated (*see J.A. Preston Corp. v Fabrication Enters., supra* at 405-407; *Schenectady Chems. v Flacke*, 145 AD2d 678, 678-679 [1988]; *see also Sunrise Plaza Assoc. v International Summit Equities Corp.*, 212 AD2d 690, 691 [1995]; 13 Weinstein-Korn-Miller, NY Civ Prac ¶ 6312.04 [1], at 63-166 to 63-169). Here, the action has been terminated in plaintiff's favor through a final affirmed judgment (*Bonded Concrete, Inc. v Town of Saugerties*, 24 AD3d 943 [2005], *supra*), authorizing plaintiff's pursuit of recovery against the other parties (*see* CPLR 6315).

Next, the parties dispute whether Supreme Court (Connor, J.) in fact fixed the Town's maximum liability and, if so, the amount. Pursuant to CPLR 2512 (1), the Town, as a municipal entity, was exempt from posting an undertaking as a condition of obtaining a provisional remedy such as a preliminary injunction (*see City of Yonkers v Federal Sugar Ref. Co., supra* at 210). However, the Town's liability for damages by reason of such injunction is limited to "an amount not exceeding an amount *which shall be fixed by the court* whenever it would require an undertaking of a private party" (CPLR 2512 [1] [emphasis added];[3] *see e.g. Incorporated Vil. of Freeport v Jefferson Indoor Marina*, 176 AD2d 783 [1991]; *State of New York v Brookhaven Aggregates*, 120 AD2d 631, 632 [1986]). Importantly, this provision, like its predecessor, is not self-executing and if the trial court does not specify the limit on the municipality's liability for damages in the injunction order, there can be no liability if it is ultimately determined that plaintiff was not entitled to the injunction (*see City of Yonkers v Federal Sugar Ref. Co.*, 221 NY 206, 210-211 [1917], *supra*; *City of Utica v Hanna*, 249 NY 26, 29 [1928]; *see also Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434-435 [1984], *supra*; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 2512.02, at 25-107 to 25-108).

Here, we agree with the conclusion of Supreme Court (Work,

---

"probabilities, any or all of which may be disproven when the action is tried [or decided in a summary judgment motion] on the merits" (*J.A. Preston Corp. v Fabrication Enters., supra* at 406). The purpose of the provisional remedy is "to preserve the status quo until a decision is reached on the merits" and it does not " 'constitute an adjudication on the merits' " (*Icy Splash Food & Beverage, Inc. v Henckel*, 14 AD3d 595, 596 [2005], quoting *Peterson v Corbin*, 275 AD2d 35, 40 [2000]; *see J.A. Preston Corp. v Fabrication Enters., supra* at 405).

**3.** CPLR 2512 (1) was amended to require the trial court to fix the amount of municipal liability to reflect the Court of Appeals' decision in *City of Yonkers v Federal Sugar Ref. Co.* (221 NY 206 [1917], *supra*).

J.) that the only reasonable interpretation of the September 1998 order of the court (Connors, J.) is that the court intended to fix the Town's limit of liability at $250,000, the same limit placed on the other sureties. In its 1998 decision, the court expressly required the Marinos and plaintiff to post bonds in that amount, recited that the claims and counterclaims were in the million dollar range, and noted that the Town was exempt from posting security; the court then clearly held that if it is ultimately determined that defendants were not entitled to an injunction, both the Marinos and the Town "may be liable for damages sustained by plaintiff" by reason of the injunction. The *only* conclusion to be drawn is that the court intended the Town's liability cap to match the Marinos' (and plaintiff's). If, as the Town urges, *no* amount was being specified as to the Town's liability cap, as a matter of law the Town could never be held to answer for any damages to plaintiff, yet the court clearly specified it would be (*see City of Yonkers v Federal Sugar Ref. Co., supra* at 211 ["Until some amount is stated, there is no liability"]). If the court had intended to condition the provisional relief on the Town's acceptance of *unlimited* liability for damages to plaintiff, as plaintiff urges, the court could have done so—but clearly did not (*cf. City of Utica v Hanna, supra* at 28-29). Thus, Supreme Court correctly determined that the Town's liability to plaintiff for the injunction is limited to $250,000 payable, of course, only if plaintiff actually proves damages attributable to the injunction (*see A & M Exports v Meridien Intl. Bank*, 222 AD2d 378, 380 [1995]).

Mercure, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.