■ SIDNEY J. STIBER, Respondent, v JOSEPH COTRONE et al., Appellants, et al., Defendants.—Mercure, J. Appeal (1) from an amended order of the Supreme Court (Conway, J.), entered July 19, 1988 in Albany County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

On or about February 15, 1988, in accordance with an order of Supreme Court partially granting a prior motion by plaintiff for summary judgment,[1] defendants executed and delivered a series of promissory notes to plaintiff's order. Alleging that

---

1. The factual and legal background to this action is set forth in the decision of this court affirming Supreme Court's prior grant of partial summary judgment in favor of plaintiff (132 AD2d 791, *lv dismissed* 70 NY2d 796).

the notes dated April 1, 1979 through February 1, 1988, numbered 1 to 107, were due and payable, plaintiff thereafter moved for summary judgment for the sums alleged to be due thereunder. Supreme Court granted the motion and this appeal by defendants Joseph Cotrone and Alexander Zanetti (hereinafter defendants) ensued.

We affirm. Initially, we reject defendants' contention that the motion should have been denied since it was supported only by an affidavit of plaintiff's attorney, a person with no personal knowledge of the facts. Here, the attorney's affidavit was but a vehicle for introducing and commenting upon the promissory notes and notice of dishonor and demand for payment, documentary evidence competent to establish plaintiff's entitlement to judgment (see, Zuckerman v City of New York, 49 NY2d 557, 563; Rogoff v San Juan Racing Assn., 77 AD2d 831, affd 54 NY2d 883). Additionally, it appears that plaintiff's attorney did have personal knowledge of defendants' default as it was she who issued the notice of dishonor on behalf of plaintiff.

We also reject the contention that plaintiff's failure to submit a copy of the pleadings in support of the motion required its denial. Where, as here, the pleadings have been filed in connection with a prior motion and appeal and were before the court, submission of an additional copy, although the better practice, is not required (see, Ayer v Sky Club, 70 AD2d 863, 864, appeal dismissed 48 NY2d 705).[2] Finally, the argument that the relief granted was not requested in the amended complaint lacks merit. The amended complaint specifically demands specific performance of the July 1979 agreement and a money judgment of $621,000. In any event, it is well established that "summary judgment may be awarded on an unpleaded cause of action if the proof supports such cause and if the opposing party has not been misled to its prejudice" (Rubenstein v Rosenthal, 140 AD2d 156, 158). Here, defendants were not misled. A reading of the affidavit in opposition to the motion clearly indicates defendants' understanding of the relief requested and the underlying circumstances.

Amended order and judgment affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.

---

2. It has not escaped our notice that because this was "an action * * * based upon an instrument for the payment of money only", plaintiff was entitled to move for summary judgment even in the absence of a preexisting action (CPLR 3213).