■ Le Sannom Building Corp., Appellant, v Helen E. Lassen et al., Defendants, and Peter Dudek et al., Respondents.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered December 13, 1990, which *inter alia,* denied plaintiff's motion to amend the caption to substitute certain named individuals for "John and Jane Doe", denied the motion of defendants Dudek and Cromwell to dismiss the complaint pursuant to CPLR 3211 (a) (4) and stayed plaintiff's claims for use and occupancy of the subject premises, unanimously modified, on the law, the facts, and in the exercise of discretion, to the extent of consolidating this action with the action captioned *Cromwell v Le Sannom Bldg. Corp.* (Index No. 21485/87) pending before Justice Myriam Altman, and amending the caption in this action to substitute as parties, Peter Dudek and Kathleen Cromwell for "John Doe and Jane Doe", and otherwise affirmed, without costs or disbursements.

Plaintiff is the landlord of the building located at 150 West

46th Street, which has been issued an interim multiple dwelling registration number. Defendant Lassen entered into a written lease with the landlord. Lassen abandoned the leased premises after subletting the premises to Art Blakey, Jr., who, in turn, sublet a portion of the premises to defendants Dudek and Cromwell. The landlord brought this action to reenter the premises and retake possession on the grounds, *inter alia,* that the failure to pay rent is a breach of a substantial obligation of their lease constituting a nuisance.

It is conceded that Dudek and Cromwell occupy the premises. Thus, the caption should be amended accordingly.

Consolidation is permitted where actions involve a common question of law or fact. (CPLR 602.) Two other matters involving these premises and these defendants are pending before Justice Altman. While continuation of the stay in this matter is not warranted, the action should be joined with the other matters now pending before Justice Altman.

The tenants' argument that they cannot be ejected because they are protected loft tenants under Multiple Dwelling Law article 7-C is without merit. While the article protects tenants from being ejected due to the lack of a residential certificate of occupancy, it does not preclude ejectment for non-payment of rent. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Ross, JJ.