■ CARL M. COLE, as Escrow Agent, Respondent, v TELESCO LEASING COMPANY, INC., Appellant, and SAMUEL M. TUCHMAN et al., Respondents.—Order unanimously reversed on the law without costs, motion denied and order granted, in accordance with the following memorandum: This is an interpleader action commenced by Carl M. Cole (Cole), as escrow agent, to determine if and when a quitclaim deed should be recorded. Defendant Telesco Leasing Company, Inc. (Telesco) owns premises at 495 Paderewski Drive in Buffalo known as the Buffalo Central Terminal. Telesco and defendants Samuel and Betty Tuchman (Tuchmans) entered into a series of related agreements regarding the sale of the premises. Under an option agreement the Tuchmans were given the exclusive option to purchase the premises for $1,300,000. The option period expired on September 15, 1990. An addendum to the option agreement provided that the Tuchmans would loan Telesco $350,000 secured by a mortgage.

The option agreement provided that, if the Tuchmans exercised the option, the mortgage would be discharged upon the closing of the sale contract and the Tuchmans would receive full credit for the $350,000, which would be applied towards satisfying the purchase price of $1,300,000. If the Tuchmans elected not to exercise the option, the outstanding mortgage would become due and payable 12 months after the expiration of the option, or the date Telesco received the Tuchmans' written notice of their election not to exercise the option, whichever was earlier.

During negotiation of the mortgage, the parties orally agreed that Telesco would execute a quitclaim deed to the property and place it in escrow with Cole, an attorney who then represented the Tuchmans. The purpose of the escrow agreement was to provide an expeditious and economical alternative to foreclosure proceedings in the event of a default under the mortgage. The Tuchmans moved for summary judgment in the interpleader action on the ground that Telesco defaulted on the mortgage by failing to maintain the premises and by permitting the property to deteriorate. Supreme Court erred in granting the motion and directing Cole to file and record the deed.

There is a question of fact regarding what kind of default on the mortgage would trigger recording of the deed under the escrow agreement. The Tuchmans contend that any default on the mortgage is sufficient; Telesco argues that only a default for nonpayment would trigger recording. The affidavit of Telesco's counsel, who was directly involved in the negotiation

of the option and escrow agreements as well as the mortgage and note, is sufficient to raise a triable issue of fact precluding summary judgment (see, Stiber v Cotrone, 153 AD2d 1006, 1007, lv denied 75 NY2d 703; City of New York v Brooklyn Coop. Meat Distrib. Center, 101 AD2d 785, 786). When the motion was heard before Supreme Court, the option period was still in effect and no notice not to exercise it had been given. Thus, the repayment obligation had not been triggered and, even if it had, repayment would not have been required until 12 months thereafter. If Telesco's interpretation of the escrow agreement is correct, then the question whether Telesco breached the mortgage for reasons other than nonpayment is irrelevant.

Accordingly, the order is reversed and the Tuchmans' motion for summary judgment is denied. The parties should be returned to their respective positions prior to entry of the order on appeal. Therefore, judgment should be entered declaring that the deed filed and recorded on August 2, 1990 is null and void, and directing that possession of the property be returned to Telesco. The Tuchmans are granted an extension in which to exercise their option of 44 days, the time remaining on the option period when the order was entered. (Appeal from Order of Supreme Court, Erie County, Wolfgang, J.— Summary Judgment.) Present—Denman, J. P., Green, Balio and Davis, JJ.