■ Donald Welton et al., Respondents, v Bernard Drobnicki et al., Appellants. [749 NYS2d 288] —Mercure, J.P. Appeal from an order of the Supreme Court (Ferradino, J.), entered August 10, 2001 in Saratoga County, which, inter alia, granted plaintiffs' motion for summary judgment.

Plaintiffs and defendants own adjoining residences in the Town of Clifton Park, Saratoga County. Plaintiffs commenced this action alleging defendants' continuous trespass and private nuisance in permitting their 12 cats to enter onto plaintiffs' land and urinate, defecate and otherwise damage or interfere with plaintiffs' use and enjoyment of their property and seeking to restrain a continuation of the same. Following joinder of issue, plaintiffs moved and defendants cross-moved for summary judgment. Supreme Court granted plaintiffs' motion and denied defendants' cross motion. Defendants appeal.

Initially, defendants are correct in their assertion that plaintiffs' failure to provide a copy of all of the pleadings with their summary judgment motion required summary denial of the motion (*see* CPLR 3212 [b]; *Deer Park Assoc. v Robbins Store*, 243 AD2d 443; *McMahon v Wolverine Worldwide*, 233 AD2d 587). Because plaintiffs did not include a copy of the answer with their moving papers, they failed to satisfy their initial burden on the motion, thereby obviating any issue as to the sufficiency of the papers submitted in opposition thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). We therefore conclude that Supreme Court erred in granting summary judgment in favor of plaintiffs. The motion should have been denied without prejudice to renewal (*see Krasner v Transcontinental Equities*, 64 AD2d 551).

Supreme Court was correct, however, in denying defendants' cross motion for summary judgment. Notably, defendants submitted no evidence in support of their motion but merely

attacked perceived deficiencies in the evidence supporting plaintiffs' causes of action (see Graham v Pratt & Sons, 271 AD2d 854). Further, to the extent that defendants' cross motion is treated as one to dismiss the complaint for failure to state a cause of action, we believe that it was properly denied. In our view, the complaint states a cause of action under theories of trespass and private nuisance (see Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564; Van Leuven v Lyke, 1 NY 515; 2 NY PJI3d 83, 110-111 [2002 Cum Supp, Part I]). Defendants' remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs' motion for summary judgment; motion denied without prejudice to renewal; and, as so modified, affirmed.