■ BRENDA K. GREENE et al., Respondents, v JERRY J. WOOD, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. JAMES R. ARMSTRONG, Third-Party Defendant-Appellant.

(And Another Third-Party Action.) [775 NYS2d 192]—Mercure, J.P. Appeal from an order of the Supreme Court (Demarest, J.), entered February 11, 2003 in Franklin County, which, inter alia, denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint commenced by defendant Jerry J. Wood.

Plaintiff Brenda K. Greene suffered injuries when her car was struck by defendant Jerry J. Wood's pickup truck in September 2000. Defendant Metropolitan Property and Casualty Insurance Company (hereinafter Met Life), Wood's insurer, denied any liability, claiming that Wood's truck was not a covered vehicle under his insurance policy. Wood had purchased insurance for the truck through third-party defendant, James R. Armstrong, who issued a temporary, 60-day insurance card for the truck in February 2000, but failed to contact Met Life to add the truck to Wood's policy.

Following the accident, plaintiffs commenced this personal injury action against defendants, seeking damages from Wood and a declaratory judgment determining the obligations of Met Life. Both Wood and Met Life commenced separate third-party actions against Armstrong. As relevant here, Armstrong cross-moved for summary judgment against Wood, and Supreme Court denied the cross motion. Armstrong appeals and we now affirm.

Generally, the movant's failure to include a copy of the pleadings in the papers supporting a motion for summary judgment "require[s] summary denial of the motion" (*Welton v Drobnicki*, 298 AD2d 757, 757 [2002]; *see* CPLR 3212 [b]; *Bonded Concrete v Town of Saugerties*, 3 AD3d 729, 730 [2004]). While such a procedural defect may be overlooked if the record is "sufficiently complete" (*General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895 n [1992]; *Stiber v Cotrone*, 153 AD2d 1006, 1007 [1989], *lv denied* 75 NY2d 703 [1990]; *Ayer v Sky Club*, 70 AD2d 863, 864 [1979], *appeals dismissed* 48 NY2d 705, 755 [1979]), Wood's third-party complaint is absent from the record. By omitting Wood's third-party complaint, Armstrong "failed to satisfy [his] initial burden on the motion, thereby obviating any issue as to the sufficiency of the papers submitted in opposition thereto" (*Welton v Drobnicki, supra* at 757; *see* 2 Halpern, Carlisle, Metzler and Doyle, Civil Pretrial Proceedings in New York § 26:32, at 26-14; *cf. Trump Vil. Section 3 v New York State Hous. Fin. Agency*, 307 AD2d 891, 894 n 3 [2003], *lv denied* 1 NY3d 504 [2003]; *Stiber v Cotrone, supra* at 1007). Therefore, Armstrong's cross motion should have been denied without prejudice to renewal (*see Welton v Drobnicki, supra* at 757).

Peters, Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.