██ David R. Welch et al., Respondents, v Andrew C. Hauck, III, Individually and as Trustee, et al., Appellants. [795 NYS2d 789]—

Peters, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered October 29, 2004 in Franklin County, which, inter alia, granted plaintiffs' cross motion for summary judgment, and (2) from an order of said court, entered February 2, 2005 in Franklin County, which, inter alia, upon reargument, adhered to its prior decision.

In November 2003, plaintiffs signed a contract with defendant Andrew C. Hauck, III to purchase several lots of real property located in Franklin County for $2,650,000 and deposited $25,000 with an escrow agent as a down payment. The parties also signed a document, entitled "First Addendum to Contract to Purchase" (hereinafter Addendum), which required, as here relevant, that plaintiffs review and approve all title conditions within 30 days of their execution of the contract. After listing several more contingencies, with a 30-day notification deadline, the contingency waiver provision provided as follows: "Purchaser shall: (a) notify Seller in writing of any objection, problem or defect relative to the subject matter thereof and of Purchaser's election: (i) to terminate this Contract and have the Earnest Money returned; or (ii) to reach a written agreement with Seller as to the disposition of the matter (within three [3] days of such notification or this Contract shall terminate and the Earnest Money will be promptly refunded to Purchaser); or (b) take no action, in which case each contingency shall be deemed to be waived by Purchaser after the running of the pertinent deadline."

Plaintiffs timely informed Hauck that they did not approve of the title conditions applying to lot 9. Their counsel stated that pending a resolution of that issue, no further work would be done on the remaining contingencies. After reviewing other outstanding issues, counsel stated that "[i]f the [l]ot 9 title situation cannot be resolved to the satisfaction of my clients, then the Contract will be void and my clients will be entitled to a refund of their down payment (but this is not what my clients want—rather, they wish to proceed forward if things can be satisfactorily resolved)."

Throughout December 2003 and January 2004, counsel for the parties consistently worked to resolve the title discrepancy. In January 2004, plaintiffs were sent a revised contract which now consisted of two contracts: one for lot 9 and another for the remaining lots. Several follow-up e-mails inquired about plaintiffs' review of the revised documents, with an eagerness "to move forward." After negotiated revisions were made to those contracts, plaintiffs were sent final versions of the contracts by letter dated February 2, 2004. Plaintiffs signed and returned them two days later with the following notation: "These Contracts are transmitted to you on condition that neither Contract shall be valid and binding unless both Contracts are duly executed by the respective Sellers therein and a fully-executed original of each is returned to [my counsel]."

By letter dated March 2, 2004, counsel for Hauck informed plaintiffs' counsel that there were no contracts between the parties for the purchase of this property and that he was now directing the return of the escrowed money.[1] Plaintiffs disagreed, asserting that the November 2003 contract was still in force and effect due to their willingness to proceed under that contract and the absence of a "time is of the essence" clause.

Plaintiffs commenced this action for specific performance, Hauck moved for summary judgment and plaintiffs cross-moved for the same relief. In October 2004, Supreme Court ordered Hauck to convey the property and, in December 2004, defendants Thomas Kalaris and Karen Kalaris moved to intervene and to renew and reargue the order granting summary judgment to plaintiffs. Supreme Court granted those motions but declined to disturb its original order. Both Hauck and the Kalarises appeal.

It is by now settled that "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Bouchard v Champlain Enters.*, 279 AD2d 935, 937 [2001]). In support of the assertion that the original contract was terminated, Hauck submitted the pleadings and an affidavit of counsel which incorporated various

---

1. It appears that during this time, Hauck entered into a competing contract with defendants Thomas Kalaris and Karen Kalaris.

exhibits.[2] Upon our review of Hauck's proffer, we agree with Supreme Court that he failed to carry his burden. As required under the contingency provision of the original contract, if the parties could not agree to a disposition of the dispute within three days, the escrowed money was to be promptly returned. Here, the evidence establishes that once the three-day limit passed, the escrowed money was not timely returned.

We next address plaintiffs' cross motion for summary judgment. They asserted that Hauck, by continuing negotiations, waived the opportunity to treat the contract as void after the three-day period expired. Supreme Court properly concluded that plaintiffs established, as a matter of law, that Hauck's actions effectuated a waiver by his "intentional relinquishment of a known right" (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 184 [1982]; *Matter of Flynn v Rockwell*, 295 AD2d 672, 675 [2002]; *England v Nettesheim*, 222 AD2d 825, 827 [1995]) by, among other things, the submission of plaintiffs' own affidavit and that of the attorney who handled the negotiations and contract revisions on their behalf. Hauck's opposition, solely in the form of a reply affidavit from his litigation counsel, did not raise a triable issue of fact. Noticeably absent was either an affidavit from Hauck or an affirmation from the attorney who handled the contract negotiations and revisions.

We further reject the contention that Supreme Court should have dismissed plaintiffs' cross motion due to their failure to annex or incorporate all of the pleadings in this action. Although we recognize that such proffer is required by CPLR 3211 (b), "such a procedural defect may be overlooked if the record is 'sufficiently complete'" (*Greene v Wood*, 6 AD3d 976, 977 [2004], quoting *General Motors Acceptance Corp. v Albany Water Bd.*, 187 AD2d 894, 895 n [1992]; *see Stiber v Cotrone*, 153 AD2d 1006, 1007 [1989], *lv denied* 75 NY2d 703 [1990]; *cf. Welton v Drobnicki*, 298 AD2d 757, 757 [2002]). As the pleadings were filed in connection with Hauck's motion for summary judgment, Supreme Court properly concluded that a dismissal on this basis was not warranted.

Accordingly, we affirm the order granting plaintiffs' cross motion for summary judgment as well as the order which, upon reargument, adhered to this decision.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the orders are affirmed, with costs.

---

**2.** Such counsel was not the same attorney who represented Hauck in the negotiation of the sale to plaintiffs, from the preparation of the original contract through the presentation of proposed revised documents.