■ CHANTAL THOMPSON et al., Appellants, v FOREIGN CARS CENTER, INC., Doing Business as KINGS VOLKSWAGEN, et al., Respondents, et al., Defendant. [837 NYS2d 673]—In an action, inter alia, to recover damages for fraud and deceptive business practices, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 14, 2006, as granted those branches of the motion of the defendants Foreign Cars Center, Inc., doing business as Kings Volkswagen, and Mickey Gilbert, individually and as an officer of Foreign Cars Center, Inc., which were for summary judgment dismissing the third, fourth, fifth, and seventh causes of action insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion of the defendants Foreign Cars Center, Inc., doing business as Kings Volkswagen, and Mickey Gilbert, individually and as an officer of Foreign Cars Center, Inc., which were for summary judgment dismissing the third, fourth, fifth, and seventh causes of action insofar as asserted against them are denied.

As noted by the plaintiffs in their submissions to the Supreme Court, the defendants Foreign Cars Center, Inc., doing business as Kings Volkswagen, and Mickey Gilbert, individually and as an officer of Foreign Cars Center, Inc. (hereinafter the defendants), failed to include a complete set of the pleadings in support of their motion for summary judgment, as required by CPLR 3212 (b). Accordingly, the defendants were not entitled to summary judgment, and the denial of those branches of their motion which were for summary judgment dismissing the third, fourth, fifth, and seventh causes of action insofar as asserted against them was required (*see Matsyuk v Konkalipos*, 35 AD3d

675 [2006]; *Wider v Heller*, 24 AD3d 433, 434 [2005]; *Sted Tenants Owners Corp. v Chumpitaz*, 5 AD3d 663 [2004]; *Lawlor v County of Nassau*, 166 AD2d 692 [1990]).

In light of our determination, we need not reach the plaintiffs' remaining contentions. Miller, J.P., Ritter, Covello and Balkin, JJ., concur.