OPINION OF THE COURT
Francois A. Rivera, J.
By notice of motion filed on January 13, 2010, under sequence number 8, defendants Yvonne Hamilton and Andrea M. Knight (hereinafter the movants), jointly move pursuant to CPLR 3212 and Insurance Law § 5102 (d) for an order dismissing the complaint on the basis that plaintiff Derrick Lake did not sustain a serious injury.
By notice of cross motion filed on January 28, 2010, under sequence number 9, defendants Hertz Corporation and Michael Kevin Walker (hereinafter the cross movants), jointly move pursuant to CPLR 3212 and Insurance Law § 5102 (d) for the same relief. Lake opposes the motion and cross motion.
Background
On September 8, 2006, Lake commenced this action for personal injuries by filing a summons and verified complaint with the Kings County Clerk’s office. The movants joined issue by their verified answer, dated September 21, 2006. The cross movants joined issue by their verified answer, dated October 20, 2006.
By order of this court dated May 4, 2007 and entered on May 8, 2007, the instant action was joined with another action pending in Bungs County Supreme Court bearing index No. 35866/ 2006 (the earlier action). In the earlier action, Michael Walker brought a claim against Yvonne Hamilton and Andrea M. Knight. No one annexed a copy of the pleadings of the earlier action to the instant motion and cross motion.
Lake’s complaint and bill of particulars allege the following facts. On October 7, 2005, at approximately 10:00 p.m., he was a passenger in a 2005 Mazda motor vehicle bearing New York State license plate number EWT2131 that was being operated by Michael Kevin Walker and was owned by Hertz Corporation. At the same time, Andrea M. Knight was operating a 1995 Honda motor vehicle owned by Yvonne Hamilton bearing New York State license plate number CYM4834. Due to the negligence of both drivers the vehicles collided at or near the intersection of New York Avenue and Hempstead Turnpike, in the Town of Hempstead, County of Nassau, in the State of New York. The collision caused Lake to sustain serious physical injuries.
*949 Motion Papers
Yvonne Hamilton’s and Andrea M. Knight’s motion papers consist of an affirmation of their counsel and nine annexed exhibits labeled A through I. Exhibit A is the instant summons and verified complaint. Exhibit B is their verified answer with cross claims. Exhibit C is a copy of the verified answer of Hertz Corporation and Michael Kevin Walker. Exhibit D is an order of Justice Spodek dated November 4, 2009, which, among other things, extended the time to file a note of issue to February 25, 2010. Exhibit E is the aforementioned order of this court dated May 4, 2007 which joined the instant action with the earlier action bearing index No. 35866/2006. Exhibit F is Lake’s verified bill of particulars. Exhibit G is the certified but unsigned transcript of Lake’s deposition conducted on July 20, 2007. Exhibit H is the affirmed, narrative report of Dr. Jacquelin Emmanuel, an orthopedic surgeon, who examined Lake on August 9, 2007. Exhibit I is the affirmed narrative report of Dr. Audrie DeJesus, a neurologist, who also examined Lake on August 9, 2007.
Hertz Corporation’s and Michael Kevin Walker’s cross motion papers consist of an affirmation of their counsel and two annexed exhibits labeled A and B. Exhibit A is the instant summons and verified complaint. Exhibit B is their verified answer.
Lake’s opposition to the motion and cross motion consists of an affirmation of his counsel and seven annexed exhibits labeled A through G. Exhibit A is a copy of the police accident report (MV-104) of the subject accident. Exhibit B are records from Mercy Medical Center Hospital. Exhibit C is the affirmed, narrative report of Dr. Allen Rothpearl, a radiologist, pertaining to his review of an MRI taken of Lake’s spine on November 18, 2005. Exhibit D is the affirmed report of Dr. Boris Kleyman, a medical doctor, pertaining to his medical treatment of Lake during 2005 and 2006. Exhibit E is a set of physical therapy records. Exhibit F is the affirmed report of Dr. Ida Tetro, pertaining to his physical examination of Lake on February 2, 2010. Exhibit G is Lake’s affidavit sworn to on February 2, 2010.
Yvonne Hamilton and Andrea M. Knight submitted an affirmation of their counsel in reply to Lake’s opposition papers.
Hertz Corporation and Michael Kevin Walker also submitted an affirmation of their counsel in reply. Their counsel’s affirmation references two annexed exhibits labeled A and B. Exhibit A is a cover letter to Lake’s counsel seeking that counsel arrange *950 for Lake to sign his deposition transcript before a notary. Exhibit B is another copy of Lake’s deposition transcript.
Law and Application
CPLR 3212 (b) provides in pertinent part as follows: “Supporting proof; grounds; relief to either party. A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions. The affidavit shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show that there is no defense to the cause of action or that the cause of action or defense has no merit.”
A motion made pursuant to CPLR 3212 requires the annexing of pleadings under section 3212 (b). “[T]he pleadings” means “a complete set of the pleadings” (Wider v Heller, 24 AD3d 433, 434 [2d Dept 2005]) or “all of the pleadings” (Welton v Drobnicki, 298 AD2d 757, 757 [3d Dept 2002]).
The requirement that a motion for summary judgment be supported by the pleadings is mandatory. In fact, the failure to include the pleadings would render the motion procedurally defective (Matsyuk v Konkalipos, 35 AD3d 675 [2d Dept 2006]; Wider v Heller, 24 AD3d 433 [2005]).
Here the movants and cross movants bring to the courts attention that the instant action was joined with an earlier action involving some of the same parties. However, no one annexed a copy of the pleadings of the earlier action. Although plaintiff did not raise this deficiency in opposition to the motion or cross motion, the requirement of a complete set of pleadings is mandatory and exists for the benefit of the court. Accordingly, the motion and cross motion may be denied on that basis alone (Thompson v Foreign Cars Ctr., Inc., 40 AD3d 965 [2d Dept 2007]). The denial, however, is without prejudice to renew (Greene v Wood, 6 AD3d 976 [3d Dept 2004]).
Inasmuch as the court is denying defendants’ motions on procedural grounds, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition are sufficient to raise a triable issue of fact. (Mondi v Keahon, 32 AD3d 506 [2d Dept 2006].) The defendants may cure the failure to annex all the pleadings to their respective motions and move again for the relief requested herein provided that the cured summary judgment motions are filed on or before July 30, 2010.
*951 Yvonne Hamilton’s and Andrea M. Knight’s motion to dismiss the complaint pursuant to CPLR 3212 and Insurance Law § 5102 (d) is denied.
Hertz Corporation’s and Michael Kevin Walker’s cross motion to dismiss the complaint pursuant to CPLR 3212 and Insurance Law § 5102 (d) is also denied.