■ CHAZON, LLC, Respondent, v MARGARET MAUGENEST, Appellant, et al., Defendants. [916 NYS2d 815]—

In an action, inter alia, for ejectment, the defendant Margaret Maugenest appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (F. Rivera, J.), dated October 30, 2009, as granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for ejectment, denied that branch of her cross motion which was for summary judgment dismissing the complaint, and is in favor of the plaintiff and against her directing her to vacate the subject premises.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

In 1984 the defendant Margaret Maugenest (hereinafter the appellant) began renting a loft in the plaintiff's building, which was an "interim multiple dwelling" as defined in Multiple Dwelling Law article 7-C, known as the "Loft Law." Although the term of the lease subsequently expired, because the plaintiff had not made certain improvements to the building as required by the Loft Law (*see* Multiple Dwelling Law § 284 [1] [i] [C]), the Loft Law entitled the appellant to remain in the loft (*see* Multiple Dwelling Law § 286 [2] [i]). The Loft Law also obligated the appellant to pay the plaintiff a particular amount of rent (*see* Multiple Dwelling Law § 286 [2] [i]).

In 2003 the appellant stopped paying rent to the plaintiff. In January 2008, the plaintiff, which still had not complied with the Loft Law's legalization requirements, commenced this action against the appellant, who continues to occupy her loft. The plaintiff did not seek to recover the unpaid rent, but rather, sought to recover possession of the appellant's loft.

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law with respect to the cause of action for ejectment, and in opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Contrary to the appellant's contention, the plaintiff is not precluded from ejecting her based on her nonpayment of rent (*see 99 Commercial St. v Llewellyn*, 240 AD2d 481, 482-483 [1997]; *Le Sannom Bldg. Corp. v Lassen*, 173 AD2d 249, 249-250 [1991]). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for ejectment.

The appellant's remaining contentions are without merit. Covello, J.P., Eng, Chambers and Hall, JJ., concur.