■ FIBER CONSULTANTS, INC., Respondent, v FIBER OPTEK INTERCONNECT CORP. et al., Defendants, and MICHAEL S. PASCAZI, Appellant. [924 NYS2d 276]—

In an action, inter alia, to recover damages for breach of contract, the defendant Michael S. Pascazi appeals, as limited by his brief, from so much an order of the Supreme Court, Dutchess County (Brands, J.), dated October 1, 2009, as denied that branch of his cross motion which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him for failure to prosecute and granted that branch of the plaintiff's motion which was for summary judgment on the eighth cause of action insofar as asserted against him to the extent of finding that the plaintiff was entitled to an award of an attorney's fee against him pursuant to Debtor and Creditor Law § 276-a and directing a hearing to determine the amount of such fee due the plaintiff.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the eighth cause of action insofar as asserted against the defendant Michael S. Pascazi to the extent of finding that the plaintiff was entitled to an award of an attorney's fee pursuant to Debtor and Creditor Law § 276-a and directing a hearing to determine the amount of such fee due the plaintiff, and substituting therefor a provision denying that branch of the motion without prejudice to renewal upon proper papers; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly denied that branch of the cross motion of the defendant Michael S. Pascazi which was pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against him. "A court cannot dismiss an action for neglect to

prosecute unless: at least one year has elapsed since joinder of issue; defendant has served on plaintiff a written demand to serve and file a note of issue within 90 days; and plaintiff has failed to serve and file a note of issue within the 90-day period" (*Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]). Here, Pascazi's 90-day demand was served prior to joinder of issue on the third amended complaint and, thus, was premature.

However, the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on its eighth cause of action for an award of an attorney's fee insofar as asserted against Pascazi to the extent of finding that the plaintiff was entitled to attorney's fees pursuant to Debtor and Creditor Law § 276-a and directing a hearing to determine the amount of such fees due the plaintiff. Denial of summary judgment was required since the plaintiff failed to include a copy of the pleadings in support of its motion, as required by CPLR 3212 (b) (*see Matter of Fraternal Order of Eagles v Board of Assessors*, 73 AD3d 770, 771 [2010]; *Zellner v Tarnell*, 54 AD3d 329, 329-330 [2008]; *Sendor v Chervin*, 51 AD3d 1003 [2008]; *Thompson v Foreign Cars Ctr., Inc.*, 40 AD3d 965 [2007]; *Matsyuk v Konkalipos*, 35 AD3d 675 [2006]; *Sted Tenants Owners Corp. v Chumpitaz*, 5 AD3d 663 [2004]). Under the circumstances of this case, the Supreme Court should have denied the motion without prejudice to renewal upon proper papers. (*see Wider v Heller*, 24 AD3d 433, 434 [2005]; *Greene v Wood*, 6 AD3d 976, 977 [2004]; *Welton v Drobnicki*, 298 AD2d 757, 757 [2002]). Rivera, J.P., Skelos, Florio and Austin, JJ., concur.

Motion by the respondent to dismiss an appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 1, 2009, on the ground that the appeal has been rendered academic and that the appeal is frivolous, and to impose a sanction upon the appellant and for an award of an attorney's fee. By decision and order on motion of this Court dated November 19, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition or relation thereto, and upon the argument of the appeal, it is,

Ordered that the motion is denied. Rivera, J.P., Skelos, Florio and Austin, JJ., concur.