■ THE LANSCO CORPORATION, Respondent, v JACKY KAMPEAS et al., Appellants. [927 NYS2d 647]—

The record establishes that plaintiff misnamed the corporate signatory to the parties' agreement, and that there was no wrongful conduct by the individual defendant. Accordingly, the IAS court should have granted defendants' motion to dismiss to the extent of dismissing this action against the individual defendant (*cf. Imero Fiorentino Assoc. v Green*, 85 AD2d 419, 420-421 [1982]), and amending the caption and complaint to substitute as the correctly named corporate defendant Senkam Inc., which has consented to such substitution (*see generally Le Sannom Bldg. Corp. v Lassen*, 173 AD2d 249, 249-250 [1991]).

The court also should have denied so much of plaintiff's cross motion as sought summary judgment as to liability. Contrary to defendants' contention, their attempt to orally terminate the agreement was ineffective, because the agreement required that it be terminated in writing and contained an integration and no oral modifications clause (*see Chemical Bank v Wasserman*, 37 NY2d 249, 251-252 [1975]). However, defendants raised an issue of fact as to whether plaintiff had deprived defendants of the benefit of their bargain and thus violated the covenant of good faith and fair dealing. In particular, defendants presented evidence that plaintiff's conduct in attempting to re-lease the space so alienated the landlord that it expressly refused to approve any tenant procured by plaintiff (*see generally Ellison v Island Def Jam Music Group*, 79 AD3d 458 [2010]).

Contrary to defendants' contention, there is nothing inherently unconscionable about a nonreciprocal attorney's fee provision in a commercial contract (*see e.g. 57 Kingsland Realty Corp. v 57 Kingsland Food Corp.*, 30 Misc 3d 1227[A], 2011 NY Slip Op 50236[U], *2-3 [2011]). Accordingly, defendant Senkam is not entitled to dismissal of plaintiff's second cause of action for costs and attorney's fees. Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.