(July 11, 2012)

■ Avalon Gardens Rehabilitation & Health Care Center, LLC, Appellant, v Frank Morsello, Defendant, and Alicia Pititto et al., Respondents. [948 NYS2d 377]—

The defendant Alicia Petitto met her prima facie burden of establishing her entitlement to judgment as a matter of law dismissing the breach of contract and fraudulent conveyance causes of action insofar as asserted against her (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Zuckerman v City of New York*, 49 NY2d 557, 559 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). Further, the defendant Michael Morsello (hereinafter Morsello) met his prima facie burden of establishing his entitlement to judgment

as a matter of law dismissing the fraudulent conveyance cause of action insofar as asserted against him. The plaintiff failed to raise a triable issue of fact in opposition to those showings (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562).

We reject the plaintiff's contention that the Supreme Court erred in considering Morsello's motion for summary judgment on the merits. Morsello, in his initial moving papers, rather than annexing his answer as an exhibit, inadvertently annexed the answer of codefendant Frank Morsello. This problem was rectified in the reply affirmation of Morsello's counsel, which annexed a copy of the correct pleading as an exhibit. While CPLR 3212 (b) requires that motions for summary judgment be supported by, inter alia, a copy of the pleadings, CPLR 2001 permits a court, "[a]t any stage of an action," to disregard a party's mistake, omission, defect, or irregularity if a substantial right of a party is not prejudiced. Here, no substantial right of the plaintiff was prejudiced by the corrective inclusion of a copy of Morsello's answer with his reply affirmation, and the Supreme Court properly exercised its discretion under CPLR 2001 to consider his summary judgment motion on the merits (*cf. Crossett v Wing Farm, Inc.*, 79 AD3d 1334 [2010]; *Breytman v Olinville Realty, LLC*, 46 AD3d 484, 485 [2007]; *Mahone v Washington*, 17 AD3d 1059 [2005]). The circumstances presented in this action are distinguishable from those in other cases, where the moving parties altogether failed to submit a copy of the pleadings (*see Fiber Consultants, Inc. v Fiber Optek Interconnect Corp.*, 84 AD3d 1153, 1154 [2011]; *Liberty Doorworks, Inc. v Baranello*, 83 AD3d 1011 [2011]; *Matter of Fraternal Order of Eagles v Board of Assessors*, 73 AD3d 770 [2010]).

Accordingly, the Supreme Court properly granted those branches of Pititto's motion which were for summary judgment dismissing the breach of contract and fraudulent conveyance causes of action insofar as asserted against her, and also properly granted that branch of Morsello's motion which was for summary judgment dismissing the fraudulent conveyance cause of action insofar as asserted against him. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.