■ STUDIO A SHOWROOM, LLC, Appellant, v DAVID YOON et al., Respondents. [952 NYS2d 879]—

Although Addison failed to include the pleadings with its motion, the error was properly overlooked, as the pleadings were filed electronically and thus were available to the parties and the court (*see Welch v Hauck*, 18 AD3d 1096, 1098 [3d Dept 2005], *lv denied* 5 NY3d 708 [2005]).

Regardless of whether the parties agreed to delete the portion of their agreement containing the termination and integration clauses—a point the parties dispute—the end result was that the agreement did not contain a clause stating that it could be modified only in writing. Further, the record evidence demonstrates that the parties did, in fact, agree to terminate their agreement on 30 days' notice (*see Belknap v Witter & Co.*, 92 AD2d 515, 517 [1st Dept 1983, Kupferman, J., concurring], *affd* 61 NY2d 802 [1984]; *cf. Lansco Corp. v Kampeas*, 87 AD3d 421, 422 [1st Dept 2011]). The evidence does not support plaintiff's contention that it agreed to terminate the agency relationship, but not the agreement. Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.