■ Antonio Mieles, Appellant, v Junaid Tarar et al., Defendants, and Louis Vlahakis, Respondent. [955 NYS2d 86]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an or-

der of the Supreme Court, Queens County (Lane, J.), dated April 13, 2011, as granted that branch of the motion of the defendant Louis Vlahakis which was for summary judgment dismissing the amended complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondent, and that branch of the motion of the defendant Louis Vlahakis which was for summary judgment dismissing the amended complaint insofar as asserted against him is denied.

On December 24, 2005, a vehicle owned by the defendant Fida Tarar and driven by the defendant Junaid Tarar struck a Lincoln Town Car (hereinafter the Town Car) owned by the defendant Louis Vlahakis and driven by nonparty Michael Illescas at the intersection of 36th Avenue and 32nd Street in Astoria, Queens. Junaid Tarar subsequently pleaded guilty to vehicular assault in the second degree and driving while intoxicated. As a result of the collision, several of the occupants of the Town Car were injured. The plaintiff, a passenger in the Town Car, commenced this action against, among others, Vlahakis, to recover damages for personal injuries he allegedly sustained in the accident. Vlahakis moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the grounds that his vehicle was being operated by Illescas without his permission or consent at the time of the accident and, in any event, the sole proximate cause of the accident was Junaid Tarar's failure to yield the right-of-way in violation of Vehicle and Traffic Law § 1142 (a). The Supreme Court granted that branch of the motion.

Vlahakis failed to establish his prima facie entitlement to judgment as a matter of law on the issues of consent or the drivers' comparative negligence (see Vinueza v Tarar, 100 AD3d 742 [2012] [decided herewith]).

In addition, denial of that branch of the motion was required because Vlahakis failed to append a complete set of the pleadings to his motion for summary judgment as required by CPLR 3212 (b) (see Fiber Consultants, Inc. v Fiber Optek Interconnect Corp., 84 AD3d 1153 [2011]; Matter of Fraternal Order of Eagles v Board of Assessors, 73 AD3d 770, 771 [2010]; Zellner v Tarnell, 54 AD3d 329, 329-330 [2008]; Sendor v Chervin, 51 AD3d 1003, 1003 [2008]; Thompson v Foreign Cars Ctr., Inc., 40 AD3d 965, 965 [2007]; Matsyuk v Konkalipos, 35 AD3d 675, 675 [2006]; Wider v Heller, 24 AD3d 433, 434 [2005]; Sted Tenants Owners Corp. v Chumpitaz, 5 AD3d 663, 663 [2004]). Accordingly, the Supreme Court should have denied that branch of Vlahakis's

motion which was for summary judgment dismissing the amended complaint insofar as asserted against him. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.