■ WASHINGTON REALTY OWNERS, LLC, Appellant, v 260 WASHINGTON STREET, LLC, Respondent. [964 NYS2d 137]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered February 10, 2012, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and motion denied.

The motion court erred when it determined that defendant met its prima facie burden since defendant failed to include all of the pleadings. Although CPLR 3212 (b) requires that a motion for summary judgment be supported by copies of the pleadings, the court has discretion to overlook the procedural defect of missing pleadings when the record is "sufficiently complete" (*Welch v Hauck*, 18 AD3d 1096, 1098 [3d Dept 2005], *lv denied* 5 NY3d 708 [2005] [internal quotation marks omitted]; *see Ayer v Sky Club*, 70 AD2d 863, 864 [1st Dept 1979] [the parties were permitted to supplement the record by submitting a copy of the pleadings], *appeal dismissed* 48 NY2d 705 [1979]). The record is sufficiently complete when, although the movant has not attached all of the pleadings to the motion, a complete set of the papers is available from the materials submitted (*see e.g. Studio A Showroom, LLC v Yoon*, 99 AD3d 632 [1st Dept 2012] [the pleadings were filed electronically and were available for the court's consideration]; *Pandian v New York Health & Hosps. Corp.*, 54 AD3d 590, 591 [1st Dept 2008] [the pleadings were attached to the reply papers]; *Welch*, 18 AD3d at 1098 [summary judgment properly granted to plaintiff on cross motion where pleadings were attached to defendant's motion for summary judgment]).

Here, respondent's answer was not included as part of the record. Thus, the motion court did not have a complete set of pleadings available for its consideration. Accordingly, the omission of the pleadings renders the motion procedurally defective (*see* CPLR 3212 [b]; *Matsyuk v Konkalipos*, 35 AD3d 675 [2d Dept 2006]; *Wider v Heller*, 24 AD3d 433 [2d Dept 2005]); *Greene v Wood*, 6 AD3d 976 [3d Dept 2004]; *Welton v Drobnicki*, 298 AD2d 757 [3d Dept 2002]; *Krasner v Transcontinental Equities*, 64 AD2d 551 [1st Dept 1978]).

In light of the foregoing, we do not consider the remaining

contentions with regard to the merits of the motion. Concur—Mazzarelli, J.P., DeGrasse, Abdus-Salaam, Manzanet-Daniels and Clark, JJ.