## Velez v One Vanderbilt Owner, LLC

2024 NY Slip Op 32354(U)

July 10, 2024

Supreme Court, New York County

Docket Number: Index No.: 160116/2018

Judge: James E. d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     Hon. James E. d'Auguste                PART 55

                                          *Justice*

-----------------------------------------------------------------------------X

FRANCISCO VELEZ,

                                Plaintiff,

                    - v -

ONE VANDERBILT OWNER, LLC, TISHMAN
CONSTRUCTION CORPORATION, TISHMAN
CONSTRUCTION CORPORATION OF NEW YORK,

                                Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160116/2018 |
| MOTION DATE | 12/28/2022 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95

were read on this motion to/for           SUMMARY JUDGMENT           .

In Motion Sequence 003, defendants One Vanderbilt Owner, LLC ("One Vanderbilt"),

and Tishman Construction Corporation and Tishman Construction Corporation of New York,

("Tishman") (collectively "defendants"), move, pursuant to CPLR 3122, for summary judgment

dismissing plaintiff Francisco Velez's ("Velez") Labor Law action against them. Velez seeks

damages for personal injuries arising from his trip and fall, asserting claims for Labor Law

Section 200 and common law negligence, and Section 241(6), predicated upon alleged violations

of Industrial Code Sections 23-1.5, 23-1.7(a), (b), (c), (e), (f), (g), and (h), 23-2.1, and OSHA.

For the reasons set forth below, the motion is partly granted and partly denied.

Velez was employed by non-party NYC Constructors ("NYCC") as a surveyor at the

subject project at the time of the alleged incident, on October 25, 2018, at approximately 9:00am.

One Vanderbilt, as owner, and Tishman, as construction manager, assert Velez was working on

the 39th floor of the project and while walking on q-decking towards his general work area, he

tripped over a down perimeter cable, and fell. Also, Velez claims the area where he tripped had

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**                **Page 1 of 9**
  **Motion No.  003**

[* 1]

"oil and/or grease" on it, contributing to his fall and injuries.  Defendants contend NYCC installed the subject perimeter cables, and was responsible for repairing and adjusting the cables. Further, defendants claim NYCC was responsible for cleaning any oil or grease on the 39th floor as this was their work area at the time of Velez's accident (NYSCEF Doc. No. 82).

Defendants contend Velez cannot establish the essential elements of negligence, thus, his Labor Law Section 200 and common-law negligence claims must be dismissed.  Defendants argue that to succeed on his common law negligence and Labor Law Section 200 claims against them, Velez must establish that defendants supervised or controlled the means and methods of Velez's work at the time of the incident.  Alternatively, defendants assert that Velez must establish that defendants created or had actual or constructive notice of the alleged conditions that purportedly caused Velez's accident, and failed to take reasonable steps to remedy the condition before the incident that caused Velez's injuries occurred. McFadden v. Lee, 62 A.D.3d 966 (2d Dep't 2009).  Defendants claim that general supervisory authority at a worksite for purposes of overseeing the progress of the work and inspecting the work product is insufficient to impose liability for common law negligence and under Labor Law Section 200. Dos Santos v. STV Engrs. Inc., 8 A.D.3d 223 (2d Dep't 2004).  Defendants maintain dismissal of the common-law negligence and Labor Law Section 200 claims is warranted as evidence establishes that defendants did not supervise or control any work on the site, including Velez's work, did not provide him with equipment, had no knowledge or notice of the alleged conditions and did not create any alleged conditions which Velez asserts caused his accident (NYSCEF Doc. No. 82).

Velez testified at his deposition that there were various trades, including laborers, performing work on the 39th floor at the time of the accident.  He asserts that his work did not involve the perimeter safety cables, and argues that general contractor Tishman was responsible

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 2 of 9**

2 of 9

for cleaning the project.  Velez states Tishman employed laborers to facilitate the cleanup, testifying that he saw Tishman cleaning on the decking at the subject project, and it was Tishman's responsibility to cleanup any wet conditions, including the oil and grease that the downed perimeter cable was covered in, upon which Velez slipped, tripped and fell (NYSCEF Doc. Nos. 79, 85).

Thane Szilagyi, employed by Tishman as a senior site safety manager at the subject project, testified at his deposition that Tishman employed laborers for the project who were responsible for performing housekeeping, including cleaning areas and removing debris on the floors for which Tishman was responsible.  Yet, despite being the senior site safety manager at the project, and preparing an accident report, Szilagyi admitted that he did not know who installed the perimeter cables, did not recall how he first learned of Velez's accident, did not recall going to the accident location, or speaking with anyone, including Velez, about the accident, nor did he recall whether he inspected the 39th floor on the morning of the accident (NYSCEF Doc. No. 80).  However, Velez points out that Szilagyi testified to performing daily walkthroughs of the project and had authority to stop the work if he saw an unsafe condition (NYSCEF Doc. No. 80).  Further, Velez contends that the daily report Szilagyi prepared on the date of the accident states that "TCC labor has added additional personnel strictly to provide additional housekeeping at the perimeter of the building" and that Tishman laborers' scope of work is described as "site clean up" (NYSCEF Doc. No. 91).

On the other hand, defendants argue that while Velez attempts to transfer responsibility of repairing the perimeter cables and cleanup of the area where NYCC employees worked, Szilagyi testified that NYCC was responsible for repairing and adjusting the cables on the 39th floor as they were in NYCC's work area.  Also, Szilagyi testified that if oil or grease was

160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC          Page 3 of 9
Motion No.  003

3 of 9

observed on the floor Velez was surveying that NYCC would be notified of the hazardous condition and must clean it up (NYSCEF Doc. No. 80).

Further, defendants assert they did not create the conditions that Velez alleges caused his accident, nor is there evidence in the record of any prior complaints to defendants regarding conditions existing on the 39th floor decking (NYSCEF Doc. No. 77). Defendants assert that as evidence establishes they did not supervise nor control Velez's means and methods of work, nor create or have actual or constructive notice of the condition causing his accident, Velez's common law negligence and Labor Law 200 claims must be dismissed.

As an initial matter, Velez argues that defendants' motion is procedurally defective for their failure to attach, cite or reference to pleadings in the matter. It is well settled that a failure to attach all of the pleadings is a fatal procedural defect requiring denial of a motion for summary judgment (*Weinstein v Gindi*, 92 A.D.3d 526 (1st Dep't 2012). However, while CPLR 3212(b) requires that a motion for summary judgment be supported by copies of the pleadings, the Court has discretion to overlook the procedural defect of missing pleadings when the record is "sufficiently complete." Washington Realty Owners, LLC v. 260 Washington Street, LLC, 105 A.D.3d 675 (1st Dep't 2013). The record is sufficiently complete when a complete set of papers is available from material submitted, although movant has not attached all of the pleadings to the motion. (*See e.g.* Studio A Showroom, LLC v. Yoon, 99 A.D.3d 632 [1st Dep't 2012] [the pleadings were filed electronically and were available for the Court's consideration]. Defendants, in their reply affirmation (NYSCEF Doc. No. 95), refer the Court to the record submitted by Velez and adopt and incorporate same, arguing their moving papers are not defective. The Court shall overlook the procedural defect and decide the motion on the merits.

**160116/2018  VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 4 of 9**

4 of 9

[* 4]

Labor Law Section 200 is a "codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work." Comes v. N.Y.S. Elec. & Gas Corp., 82 N.Y.2d 876 (1993). Hence, where, as here, Velez's injuries arise not from the manner in which his work was performed, but from a dangerous condition at the work site, defendants may be liable under Labor Law Section 200 and for common-law negligence if they had control over the work site and had actual or constructive notice of the dangerous condition. Nasuro v. PI Assoc., 49 A.D.3d 829 (2d Dep't 2008). Additionally, the Appellate Divisions have held that "proof of supervision and control" on the part of the owner and general contractor is not a prerequisite to recovery in a 'dangerous condition' case." (See Murphy v. Columbia University, 4 A.D.3d 200 [1st Dep't 2004]).

Tishman, as the general contractor, had control over the work site, including assigning work to Dan Rodriguez, an NYCC foreman, who would then assign the work to NYCC's employees, including Velez [NYSCEF Doc. No. 79]. Additionally, Tishman, via site safety manager Szilagyi, had authority to stop work if an unsafe condition was observed during a walkthrough in order to fix the condition (NYSCEF Doc. No. 80). Further, Tishman hired laborers who were responsible for general housekeeping, including cleaning, and Velez testified he observed the laborers cleaning on the 39th floor decking (NYSCEF Doc. No. 79). Velez contends that defendants failed to show that conditions that caused his accident did not create an unreasonably dangerous work environment, nor did defendants provide evidence that they lacked notice of the dangerous conditions. In fact, Tishman had the responsibility to perform daily walkthroughs of the premises, and housekeeping at the perimeter of the building. Given the conflicting testimonies of who was responsible for the area and cleanup—Velez testified he observed Tishman's laborers cleaning, while Szilagyi's testimony stated NYCC was responsible

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 5 of 9**

5 of 9

for their own cleanup—and whether defendants had notice of the dangerous condition causing Velez's accident, triable issues remain as to Velez's Labor Law Section 200 and common-law negligence claims, prohibiting the granting of summary judgment to defendants.

Defendants note that Velez has withdrawn his claims concerning Labor Law Section 240(1) and Labor Law Section 241(6) predicated upon alleged violations of the Industrial Code Sections 23-1.7(a), (b), (c), (f), (g), and (h), as well as 23-2.1(a), as inapplicable. Defendants argue that Velez did not oppose the sections of defendants' motion seeking dismissal of codes 23-1.5(a), (b), (c)(1), 23-2.1(b), and OSHA, thus, assert these codes are deemed abandoned and should be dismissed. Conversely, Velez notes that defendants do not seek summary judgment dismissing Velez's Labor Law 241(6) claims predicated upon alleged violations of Industrial Codes 23-1.7(d) and 23-1.5(c)(3).[1].

As such, the only Labor Law 241(6) claims before the Court are those based upon defendants' alleged violations of Sections 23-1.7(e)(1) and (2). "Labor Law Section 241(6) imposes a non-delegable duty on owners and contractors to provide reasonable and adequate protection and safety for workers and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." Toussaint v. Port Auth. of N.Y. & N.J., 38 N.Y.3d 89 (2022). The non-delegable duty is absolute and "imposes liability upon a general contractor for the negligence of a subcontractor, even in the absence of control or supervision of the worksite." Rizzuto v. L.A. Wenger Contr. Co., 91 N.Y.2d 343 (1998).

Industrial Code 12 NYCRR 23-1.7(e)(1) and (2) are sufficiently specific to form a basis for liability under Labor Law Section 241(6) see Licata v. AB Green Gansevoort, LLC, 158 A.D.3d 487 [1st Dep't 2018]) and read as follows:

---

[1] Velez argues, and defendants concede, that defendants did not move for summary judgment as to Industrial Code Sections 23-1.5(c)(3) and 23-1.7(d), thus, these codes remain an issue for trial (NYSCEF Doc. Nos. 85, 95).

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 6 of 9**

[* 6]

"Protection from general hazards"

"(e) Tripping and other hazards.

(1) Passageways.  All passageways shall be kept free from accumulations of dirt and debris and from any other obstructions or conditions which could cause tripping.  Sharp projections which could cut or puncture any person shall be removed or covered.

(2) Working areas.  The parts of floors, platforms and similar areas where persons work or pass shall be kept free from accumulations of dirt and debris and from scattered tools and materials and from sharp projections insofar as may be consistent with the work being performed.

Defendants argue Velez was not working in a passageway at the time of the incident, but on an open floor consisting of q-decking.  As "passageway" is not defined in the Industrial Code, "the Court in Rossi v. 140 W. JV Mgr., LLC, 58 Misc.3d 1215[A]. 2018 NY Slip Ip 50124[U] (Sup Ct, NY County 2018), relies on the ordinary definition of the word in interpreting the statute.  The Oxford English Dictionary defines 'passageway' as a 'long, narrow way, typically having walls on either side, that allows access to different rooms within a building.'"  Velez testified that he was walking on the 39th floor towards the northeast corner perimeter when the accident occurred, but did not describe the area as being "within a hallway, room, or a space that had walls on each side."  Thus, defendants maintain Velez cannot recover under Section 241(6) predicated on Section 23-1.7(e)(1) where the incident did not occur in a passageway. (*See* Colon v. Carnegie Hall Socy, Inc., 159 A.D.3d 655 [1st Dep't 2018]).  Defendants also assert that the perimeter cable was integral to the work, in contrast to Velez's claim that the cable was not integral to the work he was performing.

160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC
Motion No.  003

Page 7 of 9

[* 7]

7 of 9

Velez testified that the accident occurred on the q-decking between two bays and he was two feet from where the perimeter cables would be if taut and properly working, rather than on the ground. The First Department, in Prevost v. One City Block LLC, 155 A.D.3d 531 (1st Dep't 2017)—wherein plaintiff slipped on a loose piece of sprinkler pipe lying on the floor—affirmed a motion court's denial of summary judgment to defendant dismissing plaintiff's Labor Law Section 241(6) claim predicated upon a violation of 23-1.7(e)(1). The Court held there was a material issue of fact as to whether plaintiff fell in a "passageway," and did not find that the loose piece of sprinkler pipe was integral. Here, Velez argues he was in a confined area, within a bay, in the southeast corner of the building when he slipped and tripped on the downed cables within the meaning of the regulation. Additionally, Velez asserts that he was performing surveying work, which had nothing to do with perimeter cables, hence, the cables were not integral to his work. Tishman admitted there is absolutely no reason a perimeter cable should be on the floor. Further, there is no reason a perimeter cable should be protruding two feet into Velez's work area. Thus, it cannot be said that a defective, down cable is integral to any work as it is not serving its intended purpose. Velez contends cases cited by defendants are inapposite as the material found to be integral was properly working, and serving its intended purpose, unlike the down perimeter cable herein. Therefore, defendants are not entitled to the integral to work defense.

Moreover, defendants failed to make a prima facie showing that a violation of Industrial Code Section 23-1.7(e)(2) did not cause the accident, since Velez testified that the down perimeter cable was scattered across his work area, causing him to slip/trip on the down cable that protruded nearly two feet into his work area, and was covered in oil and grease. The fact that Velez "slipped, rather than tripped" does not render 23-1.7(e)(2) inapplicable to the instant

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 8 of 9**

8 of 9

[* 8]

matter. (*See*, <u>Fitzgerald v. Marriott, Inc</u>., 156 A.D.3d 458 (1st Dep't 2017); *see also* <u>Armental v. 401 Park Avenue South Assoc., LLC</u>, 182 A.D.3d 405 (1st Dep't 2020).

Accordingly, it is hereby,

ORDERED that Velez's claims are dismissed except for his claims under Labor Law Section 200 and common-law negligence, as well as Labor Law Section 241(6) alleging a violation of Industrial Code Sections 23-1.7(d), 23-1.7(e)(1), 23-17(e)(2) and 23-1.5(c)(3), which survive.

This constitutes the decision and order of the Court.

| **7/10/2024** | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **James d'Auguste, J.S.C.** | |
| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| | | GRANTED | ☐ DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**160116/2018   VELEZ, FRANCISCO vs. ONE VANDERBILT OWNER, LLC**
**Motion No.  003**

**Page 9 of 9**

9 of 9