Diaz v Boston Props., Inc.

2026 NY Slip Op 03114

May 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Salvador Diaz, Appellant,

v

Boston Properties, Inc., et al., Respondents, Times Square Tower Associates LLC, et al., Defendants.

Decided and Entered: May 19, 2026

Index No. 151421/22|Appeal No. 6666|Case No. 2026-00275|

Before: Moulton, J.P., Scarpulla, Kapnick, Shulman, Michael, JJ.

Block O'Toole & Murphy, LLP, New York (Christina R. Mercado of counsel), for appellant.

McNamee Walker PLLC, Melville (John Collorafi of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 14, 2026, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240 (1) claim as against defendants Boston Properties, Inc., Petretti & Associes LLC, and Sovereign Mechanical Corp. (collectively, defendants), and, upon a search of the record, granted defendants summary judgment dismissing the second amended complaint, unanimously reversed, on the law, without costs, the second amended complaint reinstated, and plaintiff's motion granted.

Plaintiff's testimony that he fell because he lost his balance and the ladder on which he was standing shook established his prima facie entitlement to summary judgment on the issue of liability on his Labor Law § 240 (1) claim (see e.g. Nieto v CLDN NY LLC, 170 AD3d 431, 432 [1st Dept 2019]; Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 433-434 [1st Dept 2015], appeal dismissed 26 NY3d 1021 [2015]). Contrary to the motion court's conclusion, "[i]t is irrelevant whether plaintiff initially lost his balance before or after the ladder [shook] because . . . the ladder failed to remain steady under plaintiff[ ] . . . as he performed his work" (Plywacz v 85 Broad St. LLC, 159 AD3d 543, 544 [1st Dept 2018]). Nor is this "a case where an issue of fact is raised as to whether plaintiff simply lost his balance or footing while working on a properly secured ladder. Indeed, plaintiff's fall was directly related to the work that he was performing, as opposed to his own misstep" (Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 652 [1st Dept 2021] [internal citations omitted]). "Defendants were obligated to ensure that the ladder was secured to something stable" (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996]). "Where a ladder is offered as a work-site safety device, it must be sufficient to provide proper protection. It is well settled that failure to properly secure a ladder, to ensure that it remain[s] steady and erect while being used, constitutes a violation of Labor Law § 240 (1)" (Kijak v 330 Madison Ave. Corp., 251 AD2d 152, 153 [1st Dept 1998]; see e.g. DiBrino v Rockefeller Ctr. N., Inc., 230 AD3d 127, 130-131 [1st Dept 2024], affd — NY3d —, 2025 NY Slip Op 07077 [2025]). Defendants' failure to do so in this case established plaintiff's entitlement to summary judgment.

[*2]

Defendants failed to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident. The only evidence on which defendants relied was a recorded statement purportedly made by plaintiff after his accident that appears on a single page from his medical records. However, not only was the medical record uncertified and, therefore, inadmissible, but plaintiff's description of the accident in that statement was not germane to his diagnosis or treatment (see Brito v City of New York, 246 AD3d 428, 429 [1st Dept 2026]). Accordingly, the motion court should not have dismissed plaintiff's Labor Law § 240 (1) claim, but rather should have granted plaintiff's motion for partial summary judgment on the issue of liability on that claim.

Because plaintiff's motion only concerned his Labor Law § 240 (1) claim, the court should not have searched the record and granted defendants summary judgment on plaintiff's other causes of action (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430 [1996]; Castlepoint Ins. Co. v Moore, 109 AD3d 718, 719 [1st Dept 2013]; New Hampshire Ins. Co. v MF Global, Inc., 108 AD3d 463, 467 [1st Dept 2013]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 19, 2026