Gomez v Brookfield Props. One WFC Co., LLC
2026 NY Slip Op 03921
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Jimmy Mejia Gomez, Appellant,
v
Brookfield Properties One WFC Co., LLC, Respondent, Structure Tone, LLC et al., Defendants.
Brookfield Properties One WFC Co., LLC, Third-Party Plaintiff-Respondent,
v
Tulla Construction Corp., Third-Party Defendant-Respondent. Index Nos.

Decided and Entered: June 23, 2026
Index No. 151809/24, 595462/25|Appeal No. 6941|Case No. 2025-07865|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'Neill Levy, JJ.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Goetz Schenker Blee & Weiderhorn LLP, New York (Lisa De Lindsay of counsel), for Brookfield Properties One WFC Co., LLC, respondent.
Nicoletti Hornig Namazi Eckert & Sheehan, New York (Jeremy A. Bernfeld of counsel), for Tulla Construction Corp., respondent.

[*1]
Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about December 10, 2025, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) cause of action, with leave to renew after further discovery, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff, who fell from an eight-foot A-frame ladder while installing sheetrock, established his prima facie entitlement to summary judgment on his Labor Law § 240(1) cause of action through his testimony that the ladder moved from side to side and caused him to fall (see Diaz v Boston Props., — AD3d —, —, 2026 NY Slip Op 03114 [1st Dept 2026]; Begnoja v Hudson Riv. Park Trust, 238 AD3d 481, 481 [1st Dept 2025]).
In opposition defendant Brookfield Properties One WFC Co. LLC failed to raise a triable issue of fact. Even if plaintiff's hearsay statement contained in his post-accident medical report and post-accident investigation report that he lost his balance may be considered, it is not inconsistent with his testimony that the ladder moved and caused him to fall (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 557 [1st Dept 2024]; see also Rosario v Franklin Plaza Apts., Inc., 245 AD3d 490, 491 [1st Dept 2026]; Duran v ERY Retail Podium LLC, 238 AD3d 665, 665 [1st Dept 2025]; cf. Simpertegui v Carlyle House Inc., 227 AD3d 486, 486 [1st Dept 2024]).
Brookfield and third-party defendant Tulla Construction Corp. failed to establish that plaintiff's motion was premature or that a nonspeculative basis exists to find that further discovery is required (see Laporta v PPC Commercial, LLC, 204 AD3d 538, 539 [1st Dept 2022]). Tulla's argument lacks merits because the motion papers and
"pleadings were filed electronically and thus were available to the parties and the court" (see Studio A Showroom, LLC v Yoon, 99 AD3d 632, 632 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026